## INGRAHAM ET AL. *v.* HANSON.

No. 427.   Argued February 14, 1936.—Decided March 2, 1936.

*Mr. Orson P. Soule,* with whom *Messrs. Horace L. Lohnes* and *H. L. McCormick* were on the brief, for appellants.

*Messrs. Charles D. Moore* and *O. A. Tangren* for appellee.

*Mr. Grover A. Giles,* Assistant Attorney General of Utah, with whom *Mr. Joseph Chez,* Attorney General, and *Mr. Irwin Arnovitz,* representing the State Tax Commission, and *Messrs. Charles D. Moore* and *O. A. Tangren,* representing Millard County and Millard County School District, were on the brief, as *amici curiae,* by special leave of Court.

PER CURIAM.

Appellee brought this suit in the state district court to quiet his title to certain land in Millard County, Utah. He alleged that the general taxes against the land for the year 1926 had not been paid, and that as a result a tax deed of the property was taken by the county which had conveyed the land to him. The land lay within the

boundaries of the Midland County Drainage District Number Three. Appellants are owners of the bonds of the drainage district. They set up that the bonds were payable by annual assessments and levy of drainage taxes under the statutes of Utah in force when the bonds were sold. Compiled Laws of Utah, 1917, §§ 2055, 2057, 2058, 2071, 2072, 2073. They contend that the provisions of the statute became part of the obligations of their bonds and required that when general taxes and drainage taxes became delinquent there should be but one notice of sale, and but one certificate of sale and tax deed, in which all general and special taxes should be included.

In 1921, and again in 1925, § 2058 of the Compiled Laws of Utah was amended so as to provide that lands sold for delinquent district taxes should be sold separately for such taxes and that a separate certificate of sale should be issued. Appellants contend that the amendment impaired the obligation of their contracts in violation of the contract clause of the Constitution of the United States, and hence that the separate sale in question, exclusively for the non-payment of general taxes, and appellee's tax deed were void. The amended statute was also assailed as depriving appellants of their property without due process of law in violation of the Fourteenth Amendment. The state district court overruled these contentions and entered judgment quieting appellee's title "against the lien and cloud" of the bonds of the drainage district. The judgment was affirmed by the Supreme Court of the State, 86 Utah 424; 46 P. (2d) 400, and the case comes here on appeal.

It is not disputed that under the laws of Utah taxes for general governmental purposes are paramount to all other demands against the property to which the tax lien attaches. *Robinson* v. *Hanson,* 75 Utah 30; 282 Pac. 782. The state court held that the challenged amendment did not make any substantial change in the rights of the holders of the drainage district bonds. Two

opinions were delivered. By separate paths they reached the same result. In the principal opinion by Justice Moffat it was said: "The manner by which the drainage tax lien is made effective for the purpose of reaching the security to which the bond lien attaches is substantially the same since the amendment as before, even considering the statutory references in the drainage tax law as making the procedure for the collection of general taxes applicable. By the procedure prescribed, no added burden is placed upon the drainage district nor the bondholder whereby the lien provided by the statute is impaired, nor is it made more difficult of enforcement. . . . That the lien for general taxes was superior to the lien for drainage district taxes was as much the law then as it is now. No right to pursue and make effective the drainage tax lien has been taken away or impaired. . . . Between the time of sale and expiration of the redemption period, and during which there is outstanding a certificate of sale for both delinquencies for non-payment of general and drainage taxes, the drainage district may pay general taxes and take tax sale certificate. After the period of redemption has expired, the drainage district, upon payment of the general taxes, is entitled to a deed vesting it with title to the property sold for drainage taxes, if general taxes have been paid and drainage taxes have not. This is the ultimate limit to which the drainage district and the bondholders were entitled to go at any time, whether before or after the amended statutes." 46 P. (2d) pp. 409, 410. In the concurring opinion of Justice Wolfe, it was said that the words of the statute "meant the same before the amendment of 1921 as the amendment itself specifies, and that said amendment was for the purpose of clarifying and not changing the law." Further, that "the tax officials in 1920, before and after the amendment, followed a procedure which was justified by the statutes through-

out, and followed the method of assessing, notifying, levying, and collecting taxes as the same was in force at the time of the issuance of the bonds." *Id.*, p. 418.

While this Court, in enforcing the contract clause, may determine for itself the meaning and effect of the contract (*Appleby* v. *New York City,* 271 U. S. 364, 380; *Larson* v. *South Dakota,* 278 U. S. 429, 433), we see no reason for not accepting the ruling of the state court as to the construction of the statute in question and the state practice. We find no basis for a conclusion that, under the amendment, the procedure for enforcing the liens of drainage district taxes was substantially different from that which obtained before the amendment, or that the contract rights of the bondholders have been impaired. Compare *Violet Trapping Co.* v. *Grace, ante,* p. 119. No question, materially different, is presented under the Fourteenth Amendment.

The judgment is

*Affirmed.*