SCHENEBECK *v.* McCRARY ET AL.

No. 810. Jurisdictional statement distributed March 28, 1936.— Decided April 13, 1936.

*Mr. John Ross Thompson* for appellant.

*Mr. Charles A. Walls* for appellees.

PER CURIAM.

Prior to its insolvency, the Lonoke County Bank was the duly designated depository for the public funds of Lonoke County, Arkansas. In November, 1934, the County Court entered an order compromising the liability of the sureties on the depository bond. In December, 1934, appellant, a taxpayer of the county, brought this action, in the first count, against the county treasurer and her bondsmen, and in the second count, against the bondsmen for the depository, seeking to recover the amount of public funds on deposit in the bank when it closed.

The defense relied upon Acts No. 16 and No. 325 of the Acts of Arkansas of 1935. Act No. 16 released county treasurers and their bondsmen from liability where deposited funds had been lost by reason of the insolvency

of the bank and not through defalcation of the county treasurer. By Act No. 325 similar relief was given to the bondsmen for a county depository. Appellant contended that the legislation impaired the obligation of contracts in violation of Article I § 10, of the Constitution of the United States.

The trial court sustained the plea of the county treasurer and her bondsmen, under Act No. 16, and overruled the plea of the bondsmen for the depository, and rendered judgment accordingly. On appeal and cross appeal, the Supreme Court of the State affirmed the judgment with respect to the county treasurer and her bondsmen, and reversed the judgment and dismissed the cause with respect to the bondsmen for the depository, construing and sustaining the legislation invoked. The Supreme Court of the State decided that the individual taxpayers had no vested interest in the public funds in question and hence that there was no impairment of the obligation of contracts. The state court drew a distinction between the case of such taxpayers in relation to general public funds, and those who have a vested interest in the funds of an improvement district, citing *Bauer* v. *North Arkansas Highway Improvement District No. 1,* 168 Ark. 220, 224; 270 S. W. 533.

While this Court, when a question under the contract clause is raised, may examine the alleged contract in order to determine the obligations which inhere in it, we find no ground for disturbing the ruling of the state court as to petitioner's lack of a vested interest in the funds deposited. Compare *Violet Trapping Co.* v. *Grace,* 297 U. S. 119; *Ingraham* v. *Hanson,* 297 U. S. 378.

The judgment is

*Affirmed.*