## MOORE et al. v. STATE TAX COMMISSION.

No. 5939.   Decided November 26, 1937.   (73 P. [2d] 1306.)

*Ned Warnock* and *Alfred Klein,* both of Salt Lake City, for appellant.

*Chas. D. Moore* and *E. A. Rogers,* both of Salt Lake City, and *O. A. Tangren,* of Delta, for respondents.

MOFFAT, Justice.

This action arises out of a difference as to the interpretation of a written memorandum of employment entered into between Millard County and Millard County School District and Charles D. Moore and O. A. Tangren, and a minute entry forming part of the records of the State Tax Commission with reference to the same memorandum. Respondents recovered a judgment, principal and interest, in the district court of the Third judicial district, in Salt Lake county, in the sum of $695.46, consisting of disbursements made and expenses incurred in defending an appeal taken to the Supreme Court of the United States (*Ingraham* v. *Hanson,* 297 U. S. 378, 56 S. Ct. 511, 80 L. Ed. 728), from a decision of the Supreme Court of the State of Utah in the case of *Henry Hanson* v. *Oak Burris et al.,* 86 Utah 424, 46 P. 2d 400.

Those parts of the memorandum bearing upon the issues and construed by the trial court and the minute entry adopted by the Tax Commission, by which it is claimed the Tax Commission became bound, are respectively as follows:

"Whereas, several taxing units in said county desire to unite for the purpose of protecting and preserving their said interest in the defense of the appeal of said case [*Hanson* v. *Burris,* et al.] and in the employment of special counsel to handle their said interest in the defense of said appeal, and

"Whereas, the State of Utah is one of the beneficiaries of all general taxes levied or collected within Millard County, Utah, and should participate in the costs and expense in the defense of said appeal before the Supreme Court of the United States:

"Now therefore, * * *

"The parties of the first part [Millard County and Millard County School District] hereby make and declare the terms and conditions of this contract to be performed by said parties of the first part conditioned upon participation by the State Tax Commission of Utah and the State of Utah in defense of said appeal, and approval of this con-

tract by said Commission shall constitute its promise to participate in the costs and expenses of said action to the extent of Twelve Hundred Dollars ($1200.00)."

The minute entry on the records of the Tax Commission of December 9, 1935, shows:

"The contract between Millard County and the Millard County School District, as parties of the first part, and Charles D. Moore and O. A. Tangren, Attorneys at Law, parties of the second part, providing for the employment of said attorneys to represent said parties of the first part in the defense of the appeal of the case of *Henry Hanson* v. *Oak Burris, administrator of the Estate of Lee Charles Miller, Deceased, and others,* now pending in the Supreme Court of the United States, was presented to the Commission for consideration. On motion of Commissioner Knight, seconded by Commissioner Leatham, it was the unanimous decision of the Tax Commission to participate in the defense of the said appeal, and to expend not to exceed twelve hundred dollars for such purposes."

Services were rendered by Messrs. Moore and Tangren in the preparation of briefs, traveling and other expenses were incurred, and, after the cause had been argued by them before the Supreme Court of the United States at Washington, D. C., they submitted and filed a verified claim and voucher for the sum of $654.12. The claim was disallowed by the Tax Commission upon the ground that the commission's understanding was that only certain expenses were to be paid, such as printing briefs, court costs, and similar items, excluding the item of attorney's fees. The voucher forming part of this record does not include any matters for attorney's fees, but does claim court costs, telegrams, traveling and hotel expenses, taxi and telephone charges.

The issues were tried to the court and judgment rendered against the Tax Commission. The court made complete findings and, while assignments are made as to the sufficiency of the evidence, our examination of the record convinces us the trial court made proper findings and they are supported by the evidence, and the findings support the judgment.

In argument, appellant casts the thirteen assignments made into two groups and considers them together, and states that the questions raised will be argued under two general headings, which was done.

The first is: "Was the contract entered into between Millard County and Millard County School District and the respondents, ratified and accepted by the appellant, as a matter of law?" This question must be answered in the affirmative. If it were necessary to go beyond the documentary evidence itself, which we think it is not, the oral evidence fully justifies the judgment of the trial court upon this matter.

The second is: "If the minute entry of the Tax Commission is open to the construction as being an acceptance of the contract, then does the weight of the evidence justify the conclusions of the court that it was the intention of the State Tax Commission to unqualifiedly accept the conditions of the contract?" The answer to the first question, if not necessarily, at least by implication answers the second question also. The situation hardly presents a question of contract made by and between Millard County and Millard County School District as the first parties, and Moore and Tangren as second parties, as therein designated, for the reason the document was by its terms declared to be conditioned upon the participation of the Tax Commission in the costs and expenses to the extent of $1200.00. The Tax Commission did participate as is evidenced not only by the action of the commission as shown by its own records, but also by the evidence and admission of things that were done.

Neither the Millard County School District, Millard County, nor the Tax Commission was a party to the action on appeal. It was the settlement of a legal question in which they were all interested in maintaining the status of the decision as of the time of the making of the agreement. When the commission passed its resolution of December 9, 1935, it became as much a party to the contract as the other parties therein named. If the commission did not intend to "partici-

pate" in the costs and expenses of the action to the extent of $1,200, what was the purpose of passing the resolution relating to the matter at all?

Counsel for the commission suggests that "nothing was said in the minute entry about participating in the costs and expenses of the parties to the contract sued upon." "It was the unanimous decision of the Tax Commission to participate in the defense of the said appeal, and to expend not to exceed twelve hundred dollars ($1,200.00) for such purpose." The appeal had been taken on behalf of certain parties defendant in the case of *Henry Hanson* v. *Oak Burris et al.*, and the only way the commission could participate within the terms of the contract and the minute entry was by contributing to the expense, unless by an independent application to the Supreme Court of the United States to participate as amicus curiae. To do so required no such action as is indicated by the minute entry.

It is revealed that there was later filed a petition on the part of the Tax Commission and the State of Utah to so participate. Such proceeding was an incident to, and in pursuance of, the agreement, as shown by the evidence.

We find no error in the record. The judgment of the lower court is affirmed, with costs to respondents.

FOLLAND, C. J., and HANSON, WOLFE, and LARSON, JJ., concur.