JOSEPHINE B. BEEBE v. STATE, for Use and Benefit of State and Hillsborough County.

151 So. 298.
Division B.
Opinion Filed November 28, 1933.

*C. N. Smith,* for Appellant;

*Sutton, Tillman & Reeves,* for Appellee.

BUFORD, J.—The appeal here is from a final decree foreclosing a tax sale certificate in a suit prosecuted under the provisions of Chapter 14572, Acts of 1929.

It is contended that the Act under which the foreclosure was had is void because of being in conflict with the Fourteenth Amendment to the Federal Constitution, or that if the Act itself is not invalid then it is being applied in a

manner repugnant to the provisions of such organic law. That the Act is invalid because it contemplates that the county commissioners or the State Comptroller may exercise discretion and judgment in determining what lands and whose property shall be proceeded against by the method of procedure provided and that if the Act does not so contemplate then it is being so applied and that such application is invalid because the officials may direct the foreclosure of the certificate against the appellant's lands and not at the same time foreclose like certificates against other lands like situated and burdened. Neither contention is tenable. The Act provides a method for enforcing the collection of the tax imposed by the foreclosure of a lien created by the levy and assessment of the tax and it is not necessary that all liens for taxes be enforced at the same time and in the same manner.

In Tappin v. Merchants National Bank of Chicago, the Supreme Court of the United States (86 U. S. 460, 22 Law Ed. 189), said:

"Again, it is said the law in question destroys the uniformity of taxation, because it provides for the collection of the taxes assessed on account of this kind of property in an unusual way. The Constitution does not require uniformity in the manner of collection. Uniformity in the assessment is all it demands. When assessed the tax may be collected in the manner the law shall provide, and this may be varied to suit the necessities of each case."

In First Trust & Savings Bank v. West Lake Investment Co., 105 Fla. 590, 141 Sou. 894, we said:

"A tax sale certificate is the evidence of a lien and without the aid of the statute the foreclosure of liens is a matter of equitable cognizance in some jurisdictions. See 21 C. J. 118. Chapter 14572, Acts of 1929, provides a method by

which the lien may be enforced and as the suit in this case complies with the method provided by statute the demurrer and motions to strike were properly overruled and denied, respectively.

"It is next contended that the provision contained in Chapter 14572, *supra,* is a violation of the Fourteenth Amendment to the Federal Constitution. We think the contention is without merit."

See also Wm. Cummings, Treas. of Lucas Co., v. Merchants National Bank of Toledo, 101 U. S. 903, 25 Law Ed. 153; Campagnie Francisca, etc., v. La. State Board of Health, 106 U. S. 80, 46 Law Ed. 1209; Arbuckle v. Blackburn, 191 U. S. 405, 48 Law Ed. 539; Cooley on Taxation, Vol. 1, page 638, paragraph 333; L. & N. R. R. Co. v. Bosworth, *et al.,* 230 Fed. 191.

The statute here under consideration created no new right or new remedy. It only set up a method and procedure which might be invoked when deemed expedient to enforce the payment of the tax lawfully assessed and to foreclose the lien against the property on which that tax should have become delinquent and as to which the period of redemption as otherwise by law provided had expired and incidentally afforded to the owner additional time and opportunity to redeem the property from the delinquent tax lien.

The appellant here occupies the same status and has the same rights and privileges as would any other person like situated. That the officials have not at this time proceeded against all owners of lands in the county against whom the provisions of the statute might be invoked does not create a discrimination against the appellant prohibited by the organic law. The provisions of the law are adequate to reach all others like situated when it may appear ex-

pedient to so invoke them. No intentional discrimination is charged.

The purpose of the law is to get the money past due and delinquent for the lawfully assessed State and county taxes out of the property against which the assessment was made and to put it into the State and county funds for the benefit of which it was assessed; and to attain this end some discretion must be allowed and exercised. In some instances it may be wise to proceed to foreclose the certificate while in others the wiser course may be to sell the certificate, but in any event the owner of the land involved has the opportunity to redeem before sale by paying the tax lawfully assessed and the cost incident to redemption.

The decree should be affirmed and it is so ordered.

Affirmed.

Davis, C. J., and Whitfield, Ellis, Terrell and Brown, J. J., concur.