CLARA·, B. MOORE, HOTEL INDIAN RIVER Co., and W. J.
GREEN v. JACK C. ALLEN.

155 So. 752.

Opinion Filed June 8, 1934.

*John D. Shepard,* for Appellants;

*E. Wright Taylor,* for Appellee.

PER CURIAM.—In this case the final decree should be reversed and the cause remanded with directions that the final decree be vacated and a decree be entered in lieu thereof in conformity with the law obtaining in this jurisdiction as enunciated in the opinion and judgment of this Court in the case of Allison Realty Co. v. Graves Investment Co., filed on May 25th, 1934. It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J. (concurring).—In addition to what is said in the per curiam order, I think attention should be called to the fact that where one not the defaulting tax payer is compelled to pay up taxes due on the land on which he has acquired a tax certificate or tax deed in order to protect his rights in the latter, such holder of the tax certificate or tax deed becomes subrogated to the lien represented by the taxes so paid up for the purpose of protecting his rights. I see no error in the allowance in the decree for taxes paid to the City of Rockledge by the complainant below who merely did so to protect his own interest under a State and county tax lien.