W. B. Ivey, *et al.,* v. John T. Hunter.

170 So. 619.
Division B.
Opinion Filed November 12, 1936.

*J. D. Sparks,* for Appellants;
*Wayne E. Ripley,* for Appellee.

Buford, J.—This case is before us on motion to dismiss the appeal on the ground that the appellee failed to file a brief herein or serve a copy on opposing counsel.

It is contended by the appellant that under the provisions of Rule 20 as amended and adopted November 5, 1930, he is entitled to have an order now entered reversing the order appealed from. The appellant evidently has not carefully read the Rule. Paragraph H of the Rule provides, "And where defendant in error or appellee fails to file his brief within the time and in accordance with the foregoing rules the court may proceed to give judgment according to the right of the case, unless on motion for good cause shown further time for filing proper brief is allowed."

We have examined the record in connection with motion made and find that the appeal is without merit. The sole contention here is that the suit was brought under the pro-

visions of Chapter 14752, Acts of 1929, and that the same was pending when that legislative Act was repealed.

The record shows that the suit was brought to foreclose the tax certificate issued under the tax sale of the 3rd day of August, 1931, and certificate therefor No. 10645 was issued to the Treasurer of the State of Florida; that the complainant purchased the same from the State of Florida on February 6, 1935. The bill shows that the complainant also purchased subsequent tax certificates and paid subsequent taxes on the land described in the certificate.

It, therefore, appears that the complainant was the holder of the certificate in due course and for value before Chapter 14752, Acts of 1929, was repealed and that he acquired the certificates with all the rights incident thereto under that provision of the statutes.

Aside from this, Chapter 17442, Acts of 1935, which repealed Chapter 14752, *supra,* provided in terms that nothing contained in the repealing statute should in any way affect any suit then pending for the foreclosure of a tax sale certificate or a tax deed.

Therefore, the repeal of the statute did not in anywise affect the right of the certificate holder to prosecute his suit thereunder.

The Act under which the suit was brought has been held valid in Ridgeway v. Reese, 100 Fla. 1304, 131 Sou. 136; Tax Security Corporation v. Borland, 103 Fla. 63, 137 Sou. 151; First Trust & Savings Bank v. West Lake Investment Co., 105 Fla. 590, 141 Sou. 894; Palbicke v. Takami, 112 Fla. 629, 151 Sou. 287; Campbell v. Pine Holding Co., 119 Fla. 763, 161 Sou. 726.

For the reasons stated, the order appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.