W. B. Ivey, *et ux.*, v. John T. Hunter.

170 So. 734.

Division B.

Opinion Filed November 18, 1936.

*J. D. Sparks,* for Appellants;

*Wayne E. Ripley,* for Appellee.

BUFORD, J.—On this appeal we review an order denying motion to dismiss bill of complaint filed April 16, 1935, under the provisions of Chapter 14752, Acts of 1929, to foreclose certain State and County tax certificates issued in August, 1933, and transferred and assigned to complainant on the 6th day of February, 1935.

The brief of appellants does not comply with amended Rule 20, but, as only questions involving elementary principles are presented, we shall dispose of the case on the record.

Appellant contends that the bill may not be maintained because the salient parts of Chapter 14752, Acts of 1929, were repealed by Chapter 17442, Acts of 1935, which became effective May 21, 1935, before service of process on the defendants. There is no merit in the contention. When complainant purchased the involved tax certificates on February 6, 1935, he became vested with the rights and privileges, then accorded him under the provisions of Chapter 14752, Acts of 1929, and the Legislature was without power to divest him of the valuable rights thus acquired. Therefore, Chapter 17442, Acts of 1935, repealing certain sections of Chapter 14572, Acts of 1929, was not effective as to tax sale certificates on tax deeds acquired by individuals between June 20th, 1929, and May 21st, 1935.

The provisions of Chapter 14572, *supra,* have been held valid by this Court in the cases of Ridgeway v. Reese, 100 Fla. 1304, 131 Sou. 136; Tax Securities Corp. v. Borland, 103 Fla. 63, 137 Sou. 151; First Trust & Savings Bank v. West Lake Investment Co., 105 Fla. 590, 141 Sou. 894, and Beebe v. State, 113 Fla. 28, 161 Sou. 298.

Appellant contends that the Circuit Court did not acquire jurisdiction of the defendants because of lack of service of necessary process. It is unnecessary to discuss the sufficiency of the process either as issued or as served, because the record shows that defendants submitted to the jurisdiction of the court by filing a general appearance therein.

So the order appealed from is affirmed.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.

ELLIS, P. J., and BROWN, J., dissent.

BROWN, J. (dissenting).—The Legislature may change or modify the procedure for the enforcement of a contract right, provided some effective remedy is left. This may be done without impairing the obligation of the contract, provided the remedy which is left is effective. A party does not have a vested right in a mere matter of procedure, unless it be his only effective remedy. Here the parties were not brought into Court until Chapter 14572 had been repealed. And the repealing Act only shows the procedure of the prior Act in so far as suits then pending were concerned. See Cragin v. Ocean & Lake Realty Co., 101 Fla. 1337, 135 So. 795.