GLENN V. LELAND, as Receiver of the Certificate Sinking Fund of the City of St. Petersburg, and the CITY OF ST. PETERSBURG, v. H. C. ANDREWS.

176 So. 418.
Division A.
Opinion Filed October 14, 1937.

430

*Erle B. Askew, Osmond Bie, Carroll R. Runyon* and *Lewis T. Wray,* for Appellants;

*Carey & Harrison,* for Appellee.

BUFORD, J.—The appeal in this case is from a decree of foreclosure of a tax sales certificate. The appellant presents two questions, as follows:

"1. When a tax sales certificate, which was sold by the Tax Collector to the Treasurer of the State on August 1, 1932, was purchased by an individual from the Clerk of the Circuit Court subsequent to the repeal of Chapter 14,572, Acts of 1929, and the purchaser institutes a foreclosure of the lien evidenced by said certificate, is he entitled to a decree for attorneys' fees and for reimbursement for the amount paid the Clerk of the Circuit Court for a certificate of search?"

"2. Where a tax sales certificate, which has been duly sold and assigned to the State of Florida, is purchased by an individual, subsequent to the repeal of Chapter 14,572, Acts of 1929, and said purchaser pays subsequent and

omitted taxes on the lands described in said tax certificate, but does not purchase an assignment of the tax sales certificates for those years, does such payment extinguish the lien for subsequent and omitted taxes?"

The record shows that on July 16, 1936, H. C. Andrews purchased the tax certificate involved from the Clerk of the Circuit Court of Pinellas County, Florida; that this tax certificate was issued to the State of Florida at the tax sale of August 1, 1932, at the sale of lands for delinquent taxes for the year 1931; that Andrews paid all subsequent and omitted taxes on the land described in the tax sale certificate; on August 26th Andrews filed suit to foreclose a lien evidenced by the tax sale certificate. The court awarded a decree for principal and interest on the certificate, for the principal and interest of subsequent taxes paid by Andrews and for costs, expenses and solicitor's fees. The City of St. Petersburg was made defendant in order to have its liens for municipal taxes and special assessments adjudicated. Glenn V. Leland as Receiver of the Certificate Sinking Fund of the City of St. Petersburg was made defendant to have liens for special assessments held by him in said fund adjudicated. The City of St. Petersburg denied that plaintiff had the right to recover the sum of $10.00 paid the Clerk for certificate of search and further denied that plaintiff had the right to recover attorney's fees. Leland in his answer presented the issue that the lien for subsequent omitted taxes was not purchased but was paid at a discount rate and, therefore extinguished.

. Testimony was taken which showed that complainant claimed the right to foreclose the certificate under the provisions of Chapter 14,572, Acts of 1929; that he had paid the Clerk the search fee; that he had paid the subsequent

and omitted State and County taxes for the years 1932, 1933 and 1934 in the amount of $27.82 and that plaintiff had agreed to pay her solicitor the statutory fee of $25.00 plus 10% of the amount found to be due at the time of the final decree for services rendered in connection with the cause.

The Court decreed in part as follows:

"And the Court, being of the opinion that at the time Tax Sale Certificate No. 11572 was issued at the Tax Sale of 1932, the provisions of Chapter 14,572, Acts 1929, Ex. Sess., which were then in effect, attached to and became a part of said Tax Sale Certificate, and that Chapter 17,442, Acts of 1935, can have no retroactive legal effect for the reason that the rights of the State became vested according to the valid statutes in effect at the time of the Tax Sale, and that no subsequently enacted legislation could operate to depreciate the value of State owned tax sale certificates unless the contrary intent was specifically made apparent in the legislative Act, and the court being of the further opinion that Chapter No. 17442, Acts of 1935, being merely a formal repealing act has no *ex post facto* force or effect and cannot operate to the prejudice of the State or its assignees."

And further decreed:

"3. That there is due Plaintiff for principal and interest upon Tax Sale Certificate No. 11572, Sale of 1932, the sum of $17.19; that there is further due Plaintiff for the payment of State and County taxes on the lands described in said Tax Sale Certificate for the years 1932 to 1934, inclusive, the sum of $28.93; that there is further due Plaintiff the sum of $10.00 which she paid to the Clerk of the Circuit Court for a Certificate of Search; that there is further due Plaintiff the sum of $30.61 as a reasonable So-

licitor's fee for the sum of Plaintiff's Solicitors and all costs of court connected with this proceeding to be determined and assessed by the Clerk of this Court; that all of said sums constitute liens upon the lands hereinafter described, prior and superior to the rights of the Defendant herein, with the exception of the liens of the Defendant, City of St. Petersburg, a Municipal Corporation, for ad valorem taxes hereinafter described, which are on a parity with Plaintiff's liens."

The Court then adjudicated the rights of the City of St. Petersburg and of Leland.

Certain sections of Chapter 14572 were repealed by Chapter 17442, Acts of 1935. This repeal, however, did not deprive the court of chancery of jurisdiction to adjudicate tax liens.

This case is to be distinguished from that of Ivey, *et ux.,* v. Hunter, 126 Fla. 137 and 126 Fla. 227 (170 Sou. 619 and 170 Sou. 734. In that case tax certificates had been purchased by the individual prior to the repealing Act hereinabove referred to and as to those certificates acquired at that time the Legislature was held to be without power to affect rights which vested in the individual under these certificates at the time of the purchase.

It has been pointed out in a number of cases that the rights of the holder of a tax sale certificate, other than a governmental agency of the State, are to be determined by the laws in force at the time the certificate is acquired. Starks, *et al.,* v. Sawyer, *et al.,* 56 Fla. 596, 47 Sou. 513; Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 Sou. 938; Clark v. Cochran, 79 Fla. 788, 85 Sou. 250.

In this case, however, the tax certificate was purchased by the individual after the effective date of the repealing Act. By the repealing Act the State through its agency,

the Legislature, divested itself of the power to thereafter sell tax sale certificates then held by the State, or otherwise to be acquired by the State, under such terms and conditions as would vest in the purchaser those powers and privileges which had existed under the provisions of Chapter 14572, Acts of 1929, but which were withdrawn by the provisions of Chapter 17442, Acts of 1935, while the State could not by subsequently passed statute constitutionally impair any of the substantial rights accrued to a private holder by the existing laws when the certificate was acquired. Starks, *et al.,* v. Sawyer, *et al., supra.* Yet, it could cut off its right to thereafter vest a private holder by subsequent purchase some rights which it had theretofore vested in purchasers of tax certificates. See 59 C. J. Sec. 724. See also National Bank of Jacksonville v. Williams, 38 Fla. 305, 20 Sou. 931, where it was held:

"A remedy that the Legislature has created in derogation of the common law, it can take away. No one can have a vested right in a particular remedy; such a remedy forms no part of the essence of the contract, and until perfected by proceedings whereby rights in the property sought to be subjected have become vested, is entirely within the control of the law-making power, in whose edict it originated."

We must, therefore, hold that while the complainant had the right to foreclose the lien created by the tax certificate, the right to recover attorney's fees which were based solely upon provisions of Chapter 14572, *supra,* if available at all, had been extinguished by the repealing Act above referred to. We do not hold, however, that the statutory fee required to be paid to the Clerk for making search of the record to determine the amount of a tax certificate and the amount of omitted and subsequent taxes is dependent ior

-support upon the provisions as they existed in Chapter 14572, *supra*. The statute, Section 775 R. G. S., 992 C. G. L., requires the payment of fee to the Clerk for issuing the tax certificate and it also requires:

"Should it appear that the land covered by the oldest certificate to be transferred or cancelled has not been assessed, or is assessed to the State, for any subsequent year, the party purchasing or redeeming the oldest certificate shall pay to the clerk the taxes due for each of such subsequent omitted years (and all taxes that become due the following November), based upon the last assessed valuation, with interest thereon, at the rate of twenty-five per cent. per annum for the first two years, and eight per cent. per annum for the time after the first two years, beginning on the first day of April of the year next after the year for which such taxes are due."

This provision of the statute contemplates that search shall be made by the Clerk to ascertain the amount of the assessed and omitted taxes for subsequent years and, therefore, becomes a matter incident to the acquisition of the certificate and the liens evidenced thereby. In Draughon v. Shultz, 173 Sou. 360, it was said by Mr. Justice DAVIS, speaking for the Court:

"Our construction of these statutes is that under Section 922 C. G. L., *supra*, as amended in 1929, the purchaser of the oldest certificate on land sold or certified to the State for taxes levied for the years 1928 and subsequent years, from the clerk of the circuit court shall, as the statute in terms directs, pay to the clerk 'the amount of such certificate and interest thereon from the date of the certificate at the rate or rates which would be required to be paid for the redemption' of that certificate considered alone, plus the clerk's fee of 50 cents, and that the authorized com-

putation, under the other sections of the statute of tax redemption amounts according to the last assessed valuation of the land is applicable only to the subsequent omitted taxes that are required to be put up by the tax certificate purchaser as a part of the purchase price of the oldest outstanding certificate, when the oldest certificate is the subject of the purchase.

"Thus, where the oldest outstanding certificate is sold, the clerk should collect therefor the face amount of such certificate, together with statutory interest and fees, but not a less amount computed on the basis of a subsequently lowered 'last valuation' such as referred to in Section 994, as amended, *et seq.,* C. G. L., which mentions both purchases and redemptions in the same provision of law.

"Where the clerk fails to collect the full consideration prescribed by law, but the purchase and assignment of the certificate is for value, though for less than the required statutory amounts, the sale and assignments of the involved certificate absent fraud, is not null and void, but if an application be made for the issuance of a tax deed thereon, it is within the province of court of equity, at the suit of an interested taxpayer, to secure compliance with the statute by enjoining or withholding enforcement of such tax certificate, until the proper amount of consideration for its assignment is paid by the holder."

In Moore, *et al.,* v. Allen, 115 Fla. 187, 155 Sou. 752, Mr. Justice DAVIS, in a special concurring memorandum, said:

"In addition to what is said in the per curiam order, I think attention should be called to the fact that where one not the defaulting taxpayer is compelled to pay up taxes due on the land on which he has acquired a tax certificate or tax deed in order to protect his rights in the latter, such

holder of the tax certificate or tax deed becomes subrogated to the lien represented by the taxes so paid up for the purpose of protecting his rights. I see no error in the allowance of the decree for taxes paid to the City of Rockledge by the complainant below who merely did so to protect his own interest under a State and County tax lien."

While that special concurrence does not appear to have been then affirmatively concurred in by remaining members of the Court, we hold that it was, and is, the correct enunciation of the law and apply the same in this case.

Upon authority of the cases last above cited, the second question must be resolved against the contentions of the appellant.

The decree should be reversed in so far as it allowed and provided for solicitor's fees. Otherwise, it should be affirmed.

Affirmed in part and reversed in part.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.