L. T. IVEY, as Clerk of the Circuit Court of Clay County, Florida, and EDDIE SCHOEN v. STATE OF FLORIDA *ex rel.* J. TOM WATSON, as Attorney General.

3 So. (2nd) 345

En Banc

Opinion Filed July 1, 1941

Rehearing Denied July 19, 1941

*Ragland, Kurz & Layton,* for Appellants.

*J. Tom Watson,* Attorney General, and *Millard B. Conklin,* Assistant Attorney General, for Appellee.

CHAPMAN, J.—On June 5, 1940, Honorable L. T. Ivey, Clerk of the Circuit Court of Clay County, Florida, gave notice that under the provisions of Chapter 14572, Acts of 1929, and Chapter 17457, Acts of 1935, he would issue a tax deed on July 1, 1940, to Eddie Schoen, holder of tax certificate No. 882 issued on August 1, 1932, and tax certificates Nos. 3111 and 3115 issued on August 7, 1933, on property situated in Clay County, Florida, viz.: Lot 2B, Block 31, Keystone Heights; Lot 11, Block 13, and Lot 1, Block 16, Lake Geneva. The property was assessed by the Tax Assessor of Clay County in the names of E. W. Kelley, Anna M. Corby and F. J. Hillman.

The record discloses that tax certificates Nos. 558, 560 and 593 issued as of July 2, 1934, on the lands described *supra,* and said tax certificates were on file in the office of the Clerk of the Circuit Court of Clay County, during the month of July, 1940, and the clerk on February 3, 1940, under the provisions of Section 9 of Chapter 18296, Acts of 1937, Laws of Florida, certified a list of State and county tax certificates dated July 2, 1934, for Clay County to the Trustees of the Internal Improvement Fund of the State of Florida, and the list so certified embraced tax certificates Nos. 558, 560 and 593, *supra.*

The Circuit Court of Clay County, Florida, upon the relation of the Attorney General appearing in behalf of the State of Florida, made and entered an order restraining or enjoining the clerk of the circuit court of said county from issuing the tax deed to Eddie Schoen, on the theory that the State of Florida, under the provisions of Section 9 of Chapter 18296, Acts of 1937, became the owner of and that the title to the lands therein described was vested in the State of Florida. The clerk of the circuit court filed an answer and contended therein that the provisions of Chapter 18296 (commonly known as the Murphy Act) could not by operation of law vest title to the described lands in the State of Florida under tax sale certificates Nos. 558, 560 and 593 dated July 2, 1934, and incorporated in the answer a motion to dismiss on grounds, viz.:

"1. That said 'Murphy Act,' Chapter 18296, Laws of Florida, 1937, in so far as it applies to certificates purchased prior to its becoming a law, is unconstitutional, null and void.

"2. That said 'Murphy Act' in so far as it applies

to the certificates described in the bill of complaint, impairs the obligation of contract rights and vested rights.

"3. That the 'Murphy Act' does not affect the rights of tax certificate owners, who as individuals purchased tax certificates prior to its enactment into law."

The appellant, Eddie Schoen, filed a motion to dismiss the bill of complaint on the grounds: (a) the bill was without equity; (b) It was an attempt to take his property wtihout due process of law; (c) Section 9, Chapter 18296, Acts of 1937, is unconstitutional in so far as the same attempts to vest in the State of Florida the title to land covered by the outstanding tax certificates held by the defendant and if so construed, said section would amount to an impairment of the State's contract with the defendant, in violation of Article I, Section 10, of the Constitution of the United States; (d) It affirmatively appears from the allegations of said bill that the lien of the defendant's tax certificate is equal in dignity to the lien of the tax certificate under which the State claims title to said land.

The order overruling and denying each of the said motions is here for review on petition for writ of certiorari. In the case of Dykes v. State *ex rel.* Buck, 140 Fla. 188, 191 So. 309, we held that the time for redemption under Section 9 of Chapter 18296 expired in two years after the passage of the Act. See State *ex rel.* Hurner v. Culbreath, 140 Fla. 634, 192 So. 814. Chapter 18296 became a law on June 9, 1937, and the two-year privilege of redemption of lands affected by tax sale certificates expired June 9, 1939. See Bice v. Haines City, 142 Fla. 371, 195 So. 919. The two-

year period allowed for redemption under Chapter 18296 was not exercised by Eddie Schoen, but on June 5, 1940, after the lands had been certified to the State, he sought the issuance of a tax deed on certificates then owned by him.

Section 9 of Chapter 18296, Acts of 1937, provides:

"Section 9.   This Act shall remain in full force and effect for two years from the date same shall become a law and at expiration of such four-year period, [sic] then the fee simple title to all lands, against which there remains outstanding tax certificates which on the date this Act becomes a law, are more than two years old, shall become absolutely vested in State of Florida, and every right, title or interest of every nature or kind whatsoever of former owner of said property or anyone claiming by, through or under him, or anyone holding lien thereon shall cease, terminate and be at an end, and the State of Florida, thereafter, through the Trustees of Internal Improvement Fund shall be authorized and empowered to sell the said lands to the highest and best bidder for cash at such time ·and after giving such notice and according to such rules and regulations as may be fixed and adopted from time to time by the said Trustees of the Internal Improvement Fund.

"After the expiration of two years from date of this Act shall become a law no court in this State, either Federal or State shall have jurisdiction to entertain any suit brought by the former owner of said land or anyone claiming by, through or under him for the purpose of questioning, or in any way litigating or contesting the title of the State of Florida, or its grantee to said land."

The rights of the holder of a tax certificate are con-

trolled by the statutes in force and effect when the tax sale was made and certificates issued. See Hull v. State, 29 Fla. 79, 11 So. 97, 16 L. R. A. 308, 30 Am. St. Rep. 95, and subsequent Florida cases.

The statutes here controlling are Section 1003 C. G. L. and Chapter 17457, Acts of 1935, as certificate No. 882 was issued on August 1, 1932, and certificates No. 3111 and 3115 were issued on August 7, 1933. The necessary steps for the acquisition of a tax deed under the statutes *supra,* as applied to the facts of the case at bar, are very dissimilar. "The holder of any tax certificate may at any time *after two years* has elapsed since the issuance of such tax certificate file such tax certificate with the clerk of the circuit court of the county in which the lands described in such tax certificates are located" and in addition thereto make payment of the enumerated items set forth in the statute for the issuance of a tax deed, etc. It will be observed that the statutes *supra* made no effort to place a limitation of time in which application for a tax deed should be made, except that no application could be made within two years after the issuance of the tax certificate.

Section 9 of Chapter 18296 provides that the fee simple title to all lands in Florida against which there remains an outstanding tax certificate which on the date the Act became effective is more than two years old, shall become vested in the State of Florida; and that every right, title or interest of every nature or kind *whatsoever* of former owners of said property or any one claiming by, through or under them, or any one holding liens thereon shall cease and terminate. Eddie Schoen, one of the appellants here, owned certain tax certificates against the land herein described

which were more than two years old when the Act became effective. The title to the lands involved vested in the State of Florida under the terms of the Act on June 9, 1939, and Schoen had until said date in which to make payment of the several items, give notice and otherwise comply with the several terms and conditions necessary to obtain a tax deed, but he failed so to do.

The appellants contend that it was not necessary to apply for and obtain a tax deed prior to June 9, 1939, on the tax certificates then owned, because the law in force at the time of purchase made no limitation of time when he should make application, except that application could not be made within a period of two years after the issuance thereof; and also that Section 9 of Chapter 18296 was unconstitutional and void; impaired the obligation of contract rights and vested rights and constitutionally could not affect tax certificate rights acquired prior to the enactment of Chapter 18296 *supra.*

Counsel for appellants to sustain their contention cite Hull v. State, 29 Fla. 79, 11 So. 97, 16 L. R. A. 308, 30 Am. St. Rep. 95; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 So. 938; Clark v. Cochran, 79 Fla. 788, 85 So. 250; Overstreet v. Gordon, 121 Fla. 180, 163 So. 477; Ivey v. Hunter, 126 Fla. 137, 170 So. 619; Leland v. Andrews, 129 Fla. 429, 176 So. 418; State *ex rel.* Seville Holding Co. v. Draughon, 127 Fla. 528, 173 So. 353, 111 A. L. R. 234; 22 C. J. S. Criminal Law Sec. 825, and other cases, and these authorities have been carefully examined in the light of the contention made. We are in full accord with the conclusions reached in each of the cited authorities. It is a well

established principle of constitutional law in reference to obligations of contracts that the laws in force at the time of making a contract and the right to a remedy enter into and form a part of it as if they were expressly referred to or incorporated in its terms. See 12 Am. Jur. par. 431, pp. 67-8. For the rule or test of impairment of obligations of contracts see: 12 Am. Jur. par. 30, 18-20.

Can it be said that Section 9 of Chapter 18296 impaired the vested rights of Eddie Schoen acquired by law when he purchased tax certificate No. 882 on August 1, 1932, and tax certificates Nos. 3111 and 3115 on August 7, 1933, when the time for applying for and obtaining a tax deed was by the terms of the Act limited to June 9, 1939, when at the time of acquisition of the tax certificates there existed no limitation of time? The Act did not destroy the rights acquired by the ownership of the tax certificates, but the terms thereof placed a limitation of time in which to apply for tax deed. It is settled that the Legislature has the power to reduce the time of application for a tax deed but not to extend the time, and in so doing there is no impairment of the obligation of the contract but the Legislature has a right to abrogate the time of applying for the tax deed. See 12 Am. Jur. par. 433-34.

The rule controlling the validity of statutes as impairing the obligation of contracts is stated by Cooley on Taxation, Vol. 3 (4th Ed.) par. 1385, pp. 2731-32, thusly:

"1385. STATUTES AS IMPAIRING OBLIGATION OF CONTRACTS. A statute enacted after a tax sale cannot impair any of the substantial contract rights of the purchaser at the tax sale. For instance, as against

the purchaser at the tax sale, there is an impairment of the obligation of a contract where, after the sale, a statute is enacted, applicable to sales already made, which lengthens the time within which the land may be redeemed, or which extends the time within which relief from a tax sale may be sought in equity, or which converts a certificate of sale into a certificate of delinquency, or which dispenses with reimbursement to the purchaser as a condition of redemption. But there is no impairment of the obligation of a contract where the subsequent statutes merely affect the remedy of the tax purchaser, where they leave him some substantial remedy. For instance statutes are not void because they require a notice to the former owner of the expiration of the time for redemption, although none was required before, nor where a change is made in the form of such notice or the persons to whom notice must be given, or where the time of such a notice is shortened. A statute requiring the holders of existing certificates of sale to give notice of the expiration of the period for redemption within a specified time, or lose all rights under the certificate, is not unconstitutional where the only change in the law was the requiring done in a specified time that which the purchaser formerly could do at any time. So there is no impairment of contract where a subsequent statute required a recording of the tax certificate within a certain number of years, although compliance therewith imposes the duty of paying subsequent taxes on the property. . . ."

The Supreme Court of the United States in the case of Ettor v. City of Tacoma, 228 U. S. 148, 33 Sup. Ct. 428, 57 L. Ed. 773, adopted substantially the same rule when it in part said:

"Statutes concerning remedies are such as relate to the course and mode of procedure to enforce or defend a substantive right. Matters which belong to the remedy are subject to change and alteration, and even repeal, provided the legislation does not operate to impair a contract or deprive one of a vested property right. If the changing or repealing statute leaves the parties a substantial remedy, the Legislature does not exceed its authority. Rights and remedies shade one into the other so that it is sometimes difficult to say that a particular act creates a right or merely gives a remedy. So also a statute, under the form of taking away or changing a particular remedy, may take away an existing property right, or impair the obligation of a contract. . . ."

The Legislature of the State of North Carolina enacted a statute by the provisions of which a defendant could set up as a defense against an action for a deficiency judgment or decree as against the payee or mortgagee, where he became the purchaser, that the property purchased was fairly worth the amount of the debt or that the sum bid was substantially less than the true value of the property. The law was enacted in 1933. In 1928 the appellee had borrowed $8,000.00 from the appellant, which was secured by real estatee. The mortgagee bought the mortgaged property at sale for the sum of $3,000.00 and sought a deficiency judgment for the difference between the $3,000.00, amount of his bid, and the $8,000.00, the face amount of the mortgage note, and the statute last above mentioned was pleaded as a defense against the recovery of a deficiency judgment. It was contended that the statute impaired the obligations of a contract. The Supreme Court of the United States in Richmond

Mtge. & Loan Corp. v. Wachovia Bank & Tr. Co., 300 U. S. 124, 57 Sup. Ct. 338, 81 L. Ed. 552, 108 A. L. R. 886, held that the statute did not impair the obligation of a contract when the Court in part said:

"Although admitting that the challenged legislation affects only a remedy for enforcement of the contract, the appellant urges that the alteration is so substantial as to impair the obligation of the contract. The applicable principle is not in dispute. The Legislature may modify, limit or alter the remedy for enforcement of a contract without impairing its obligation, but in so doing, it may not deny all remedy or so circumscribe the existing remedy with conditions and restrictions as seriously to impair the value of the right. The particular remedy existing at the date of the contract may be altogether abrogated if another equally effective for the enforcement of the obligations remains or is substituted for the one taken away. . . ." See Home Bldg. & Loan Ass'n v. Blaisdell, 290 U. S. 398, 54 Sup. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481; Worthen Improv. Dist. v. Kavanaugh, 295 U. S. 56, 55 Sup. Ct. 555, 79 L. Ed. 1298, 97 A. L. R. 905; Curtis v. Whitney, 13 Wall. (U. S.) 68, 20 L. Ed. 513.

16 C. J. S. par. 296, page 727, treats of statutes like the one here involved viz.:

"Statutes which relate merely to the remedies of the purchaser for enforcing the rights acquired by his purchase, as long as they leave him some substantial remedy, are not, however, unconstitutional within the contract clause. Thus statutes are not void as impairing the obligations of contracts for requiring a notice to the former owner of the expiration of the time of redemption where none was required before, or for requiring such notice to be given within a shorter time than that allowed under the former law, or for requir-

ing that an action by one claiming under a tax deed for recovery of the property sold shall be brought within a certain number of years." See 12, C. J. par. 619, page 1002.

The petition for an interlocutory writ of certiorari is hereby denied.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, J. J., concur.

WHITFIELD, J. (concurring).—As tax sale certificates are not issued to individuals as title to the lands sold, but as a step towards the issue of tax deeds if the lands are not redeemed from the tax sale certificates, statutes may and do regulate the time and manner of applying for and the issuance of tax deeds on tax sale certificates that are more than two years old and not redeemed. This does not violate the contract right to a tax deed but merely regulates the time within which application must be made and the procedure for issuing tax deeds on tax sale certificates that are more than two years old and not redeemed. The time and procedure must be reasonable.

The tax sale certificates on their face provide that tax deeds may be issued thereon "in accordance with the law," if the lands are not duly redeemed.

The effect of the Murphy Act of 1937 was to require the owners of all State and county tax sale certificates that were more than two years old when the Murphy Act became effective June 9, 1937, to apply for tax deeds on such certificates before the lands covered by the certificates became absolutely vested in the State under the Murphy Act on June 9, 1939.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.