139 So.2d 901 (1962)
GENERAL DEVELOPMENT CORPORATION, Appellant,
v.
Robert L. CATLIN, Appellee.
No. 61-227.
District Court of Appeal of Florida. Third District.
April 10, 1962.
Rehearing Denied May 1, 1962.
Paul & Sams and Parker Thomson, Miami, for appellant.
Sibley, Grusmark, Giblin, King & Levenson and Charles Danton, Miami Beach, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
PEARSON, TILLMAN, Chief Judge.
The General Development Corporation was defendant in an action for specific performance brought by Robert L. Catlin, as plaintiff. The trial court entered a final decree ordering the specific performance prayed and the Corporation appeals.
Catlin was an employee of General Development Corporation. During the period of this employment, he entered into a stock option agreement with the Corporation. By the terms of this agreement, Catlin represented that if he should exercise *902 the option to purchase the stock covered by the agreement he would:
"(A) * * * acquire the stock subject to this option for investment and not with a view to distribution; and
"(B) * * * not sell or distribute any of the stock that he may obtain hereunder otherwise than in compliance with the Securities Act of 1933, as Amended, and the applicable rules and regulations thereto; * * *." (Exhibit A to Plaintiff's Complaint, p. 3)
While this agreement was in effect, Catlin gave notice of his desire to exercise his option. The Corporation declined to deliver the stock unless Catlin would accept such stock with the following legend appearing thereon:
"These shares have been issued on the condition that they will be held for investment purposes only and not for distribution."
Catlin filed suit alleging that he was entitled to receive the usual shares of the common stock of the company without any notations thereon and prayed for a decree requiring the Corporation to deliver the shares according to his interpretation of the contract. He testified that he was prepared to pay the purchase price and take the shares and that he would not dispose of the stock other than in compliance with the Securities Act of 1933. After trial the court entered a decree requiring delivery of the stock without the restrictive legend.
In accordance with this decree, the defendant-corporation tendered to the plaintiff the unrestricted shares of stock together with a letter stating that the stock was being delivered to avoid contempt of court proceedings under the express condition that such delivery was without prejudice to defendant's appeal in the cause. Attached to the letter was a certified copy of both the notice of appeal and assignment of error. This tender of the stock was refused by Catlin.
The appellant, General Development Corporation, contends that the failure of the court below to require that the restriction be placed on the certificate in effect nullifies it, because of the requirement of § 614.17, Fla. Stat., F.S.A. This statute provides as follows:
"614.17. No lien or restriction unless indicated on certificate.
"There shall be no lien in favor of a corporation upon the shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any by-laws of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate."[1]
As its reason for insisting upon a restricted certificate, appellant contends that it is not protected against a transfer of the stock in violation of the decree, and if Catlin were to transfer the stock to a purchaser without notice of the restriction, the purchaser would take the stock free and clear regardless of the decree.
Without deciding whether this fear of the Corporation is well grounded in fact, we must admit that it has a basis in law. In Haas v. Haas, 35 Del. Ch. 392, 119 A.2d 358 (1955), a restraining order against transfer had been granted in Delaware against the holder of stock and the corporation which issued the stock. The holder thereafter transferred the stock in Florida. The Delaware court, interpreting the same provision of the Uniform Stock Transfer Act, held that since the court order was not noted on the certificate in accordance with the statute, a purchaser without notice would take the stock free and clear. See also DeLeon, Corporations: Restraint on Alienation of Stock Certificates, 8 U.Fla. L.Rev. 321 (1955); Edge and Peeples, *903 Stock Transfer Restrictions in Closely Held Corporations, 10 U.Fla.L.Rev. 54 (1957).
Appellee, Catlin, points out that it would have been a simple matter for General Development Corporation to provide in the contract for the delivery of a restricted stock certificate, but instead it accepted his express personal covenant to the exclusion of the statutory provision. Catlin gives as his reason for refusing to accept the restricted certificate of stock that there is ill will between the parties (he was dismissed immediately after exercising his option), and if he accepts a restricted certificate he will be required to bring a second suit (after holding the stock for investment for the required time) to force the corporation to accept the surrender of the restricted stock and deliver to him the usual stock certificate.
The question is whether the court erred in providing that the plaintiff, Catlin, must keep the stock for investment while not further requiring that the stock be endorsed in accordance with § 614.17, Fla. Stat., F.S.A., above quoted. We think that the trial judge should have held that the statute was a part of the contract of the parties and allowed the restrictive endorsement. Early in its history, the Supreme Court of Florida in the case of County Commissioners of Columbia County v. King, 13 Fla. 451, 474, stated the applicable principle by quoting from Von Hoffman v. City of Quincy, 4 Wall. 535, 71 U.S. 535, 18 L.Ed. 403:
"It is also settled that the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it as if they were expressly referred to and incorporated in its terms. This principle embraces alike those which affect its validity, construction, discharge and enforcement."
The case of Von Hoffman v. City of Quincy involved public bonds, as did the Florida case.
The Florida Supreme Court has applied this principle in a long list of cases, many of which concern the collection of defaulted public bonds. In Ivey v. State, 147 Fla. 635, 3 So.2d 345, it was applied to secure to a purchaser of tax sale certificates the remedy existing at the time of his purchase. In Connecticut Mutual Life Insurance Co. v. Cushman, 108 U.S. 51, 65, 2 S.Ct. 236, 27 L.Ed. 648 (1883), the Supreme Court of the United States held that the principle did not prevent a statutory change in the interest rate prescribed upon the amount bid by a purchaser at a mortgage foreclosure sale as between him and the party seeking to redeem. The distinction made was that the laws with reference to which the parties must be assumed to have contracted were those which in their direct or necessary legal operation controlled or affected the obligations of the contract. The Connecticut Mutual Life case has been quoted several times by our own Supreme Court.
As recently as 1958 Mr. Justice Drew (sitting as an associate judge of this court) set forth this principle and applied it in holding that interest on corporate indebtedness should be deducted before determining "net earnings" as the term was used in a contract involving payment from corporate net earnings. Coast Cities Coaches v. Whyte, Fla.App. 1958, 102 So.2d 848.
The instant appeal calls upon us to decide whether the statute in existence at the time of the making of the contract was one which in its direct legal operation controlled or affected the obligations of the contract. We find the subject matter of the contract is a restricted stock certificate. The only question is how shall it be restricted. The appellant says the stock certificate should be restricted in accordance with the applicable statute, while the appellee contends that the restriction should be by personal covenant and decree only. We conclude the statute affected the obligations of this contract, became a part of it, and the stock certificate should be restricted accordingly.
*904 It might equally well be argued that the statute provides for the enforcement of the obligation of the contract. As such it would be governed by the holding requiring the inclusion in a contract of laws affecting its validity, construction, discharge and enforcement. Therefore, the court should have construed this contract between Catlin and General Development Corporation to include the statutory requirement that the stock be endorsed with the restriction.
Having determined that the chancellor failed to apply applicable principles of law to the subject matter of the suit, the decree is reversed and the cause remanded for the entry of a decree in accordance with the views herein expressed.
Reversed and remanded.
NOTES
[1] Uniform Stock Transfer Act § 15.