QUESTION: Can the holder of a tax sale certificate who purchased it prior to July 1, 1973, the effective date of Ch. 73-332, Laws of Florida, still foreclose the lien of such a certificate in an equitable proceeding notwithstanding s. 3(s. 197.056[2], F.S.), Ch. 73-332, supra, which provides that the lien of all tax certificates shall be enforced only by application for a tax deed under Ch. 197, F.S.?
SUMMARY: A private holder of a tax sale certificate who acquired his certificate for value prior to July 1, 1973, the effective date of Ch. 73-332, Laws of Florida, may still foreclose the lien of his certificate in a civil action, notwithstanding s. 3(s. 197.056[2], F.S.), Ch. 73-332, which purports to prohibit such a civil action. However, county-held certificates acquired before July 1, 1973, may not be foreclosed, regardless of whether the county continues to hold such certificates or subsequently sells them to a private party. Your question is answered in the affirmative, subject to the qualifications discussed below. Section 3(s. 197.056[2], F.S.), Ch. 73-332, supra, provides: "A lien created through the sale of a tax certificate may not be foreclosed or enforced in any manner except as prescribed in this chapter." The manner of enforcing the lien of a tax certificate as provided in Ch. 197, F.S., is to make application for a tax deed. Section 17(s. 197.241, F.S.), Ch. 73-332, supra. The effective date of Ch. 73-332 is July 1, 1973. Section 37, Ch. 73-332. Prior to that date, there was no question that the holder of a tax sale certificate had an option as to the means of enforcing its obligation. He could apply for a tax deed, or he could institute a proceeding in an appropriate court of equity to foreclose the lien represented by the certificate. See Suits v. Hillsborough County,2 So.2d 353 (Fla. 1941); Shaw v. Morrison, 199 So. 566 (Fla. 1941); Milton v. City of Marianna, 144 So. 400 (Fla. 1932). It is my opinion that s. 3, Ch. 73-332, quoted above, may not divest a private holder of a tax certificate of the option to foreclose the lien of the certificate, if he acquired the certificate for value prior to the effective date of the act. The decisional law of this state considers the rights and privileges of a holder of a tax certificate, other than a governmental agency, to be fixed and determined by the laws in force at the time the certificate is acquired. Leland v. Andrews, 176 So. 418 (Fla. 1937); Northern Inv. Corporation v. Mutual Realty Co., 174 So. 849 (Fla. 1937). The legislature is without power to subsequently deprive the private certificate holder who gives value of any material and substantial rights which attached to the certificate under the laws existing at the time of its acquisition. Leland v. Andrews, supra; Northern Inv. Corporation v. Mutual Realty Co., supra. In the case of Ivey v. Hunter, 170 So. 619 (Fla. 1936), on reh.,170 So. 734 (Fla. 1936), the court held that the prerogative to foreclose a tax lien is a valuable and material incident of a tax certificate which, in the hands of a private certificate holder, may not be divested by subsequent legislation. The legal infrastructure upon which that result is founded is the conception that the relevant statutes extant when a certificate is purchased by a private party delineate his rights and expectations, and constitute, in effect, a contract between the state and the individual. Hull v. State, 11 So. 97 (Fla. 1892). To permit a subsequently enacted statute to alter or to excise a material portion of those rights and expectations would be to impair the obligation of the contract. See Hull v. State, supra; Leland v. Andrews, supra. But see Mahood v. Bessemer Properties,18 So.2d 775 (Fla. 1944); Ivey V. State, 3 So.2d 345 (Fla. 1941), State v. Panama City, 171 So. 760 (Fla. 1937). The last-cited cases posit the proposition that no vested right accrues in a particular remedy. The state may therefore modify existing remedies without impairing the obligations of contracts, provided that a sufficient remedy remains for the enforcement of substantive contractual rights. However, despite the apparent conflict between that rule and the result in Ivey v. Hunter, supra, the court specifically reaffirmed Ivey v. Hunter in the decision of Ivey v. State, supra. The apparent dissonance between the cases can be harmonized by reference to the decision in State v. Panama City, supra. That case involved a controversy between the municipality and the holders of certain of its municipal bonds. At the time the bonds were issued, state law provided that delinquent municipal taxes, some of which were important in retiring the bonds, were to be collected by tax sale proceedings. Subsequently an alternative collection procedure, more dilatory than the first, was enacted. The bondholders contended that the city was required to pursue the earlier, more expeditious procedure. The court recognized the general principle that the legislature may alter existing remedies without violating the prohibition against impairment of contracts. Nevertheless it held that the city was required to pursue the collection procedure provided by law at the time the bonds were issued. In the course of its reasoning the court stated: . . . [O]rdinarily, either might be pursued, but where contracts have been made in reliance on the one, it cannot be abandoned to pursue the other if the obligation of the contract is materially affected. . . . (Emphasis supplied.) [See] 171 So. 760 at 762. Foreclosure is a significantly more effective means of enforcing a tax lien than is the tax deed application procedure. [See] 31 Fla.Jur. Taxation s. 340. Among other advantages, a foreclosure proceeding provides a binding adjudication of the rights of the various interested parties. To remove that advantage after a private party has purchased a tax certificate in reliance on it would materially affect his contract. The jurisprudence of this state therefore prohibits such action by the state, although foreclosure is technically a remedy rather than a vested right. See also State v. Milam, 113 Fla. 491, 153 So. 100 (1933). The authorities discussed above draw a clear distinction, for purposes of your question, between private tax certificate holders and governmental agencies as holders of tax certificates. See Leland v. Andrews, supra. When a tax certificate is struck off to a county, or to another political organ of the state, the laws then prevailing concerning tax certificates cannot be said to constitute a contract. Only the state is involved. A later repeal of the right of foreclosure which attached to the publicly held certificate upon its issuance is no more than a voluntary relinquishment of rights by the state. See Leland v. Andrews, supra. It is therefore clear that, with respect to tax sale certificates struck off to a county prior to July 1, 1973, and still held by the county on that date, the legislature could, by s. 3(s. 197.056[2], F.S.), Ch. 73-332, supra, cut off foreclosure as an avenue of enforcement. However, the effect of s. 26(s. 197.356[6], F.S.), Ch. 73-332, supra, remains to be considered. That section states in pertinent part: All certificates issued prior to the effective date of chapter 72-268, Laws of Florida, shall remain in force with all rights then vested plus any that are created by chapter 72-268 . . . . (Emphasis supplied.) The question presents itself as to whether, by that language, the legislature intended to preserve the remedy of foreclosure to countyheld certificates issued prior to the effective date of Ch. 72-268, supra. It is my opinion that such was not the intention of the legislature. "The legislature is presumed to be acquainted with judicial decisions on the subject concerning which it subsequently enacts a statute." Collins Investment Co. v. Metropolitan Dade County, 164 So.2d 806, 809 (Fla. 1964). It must therefore be assumed that when s. 26 was included in Ch. 73-332, supra, the legislature was cognizant of the authorities cited above, and was aware that, with respect to publicly held certificates, the remedy of foreclosure assumes none of the characteristics of a vested right. It is thus my opinion that, by preserving "all rights then vested," the legislature did not intend to include within that language the remedy of foreclosure as far as county-held certificates are concerned. It follows that, as to any certificate struck off to a county prior to July 1, 1973, and still held by the county on that date, s. 3(s. 197.056[2], F.S.), Ch. 73-332, supra, now precludes foreclosure as an enforcement tool. As to such certificates, the remedy of foreclosure is expunged and is not revived by a subsequent transfer from the county to a private party. See Leland v. Andrews, supra. In that case, the private purchaser was permitted to pursue foreclosure notwithstanding the fact that he purchased the certificate from the state subsequent to the effective date of the repealing act. However, that result was apparently reached because the particular repealing act there involved left unaffected two other statutes which then permitted foreclosure. Compare ss. 896, 1020 CGL, 1927, with Ch. 14572, 1929, Laws of Florida; Ch. 17442, 1935, Laws of Florida. Absent those unaffected statutes, it is clear under the rationale of the Leland case, supra, that the purchaser would have been barred from pursuing foreclosure of his certificate.