QUESTION: Is the State of Florida required to pay termination charges when pieces of equipment are removed from the total Capitol Center Centrex System, under the applicable contract and tariffs?
SUMMARY: Under the contract between the parties, the state is not required to pay termination charges when pieces of equipment are removed from the total Capitol Center Centrex System under the applicable contract and tariffs. Your letter of request stated that the State of Florida converted to the Centrex Telephone System for offices in the Capitol Center in December of 1972 and the letter had attached to it a copy of said agreement. The question stated arose under paragraph 11 of said agreement in relation to the applicability of termination charges under the agreement when pieces of equipment are removed from the total Capitol Centrex System. It is often said that if a contract is clear and unambiguous in its terms, it does not call for judicial interpretation. The language of the written agreement as a whole will control in the absence of ambiguity or uncertainty. It must be assumed that the intent of the parties is as it is distinctly and positively expressed in the written agreement. Moreover, in construing the terms of a contract all provisions of a contract shall be considered with reference to controlling provisions and principles of law. McCaskill v. Union Naval Stores Co., 52 So. 961
(Fla. 1910). Matters annexed by appropriate reference are to be considered a part of the written agreement. United States Rubber Products, Inc. v. Clark, 200 So. 385 (Fla. 1941). Finally, of importance here, it is to be noted that the Constitution and law of Florida are a part of every Florida contract as if expressly incorporated therein. General Development Corporation v. Catlin,139 So.2d 901 (3 D.C.A. Fla., 1962). The agreement was drafted in usual form and is sufficient in describing the parties. The agreement provides, in paragraph 11, the following undertakings: 11. If the CENTREX system covered by this agreement is terminated by the customer, a termination charge shall be paid by the customer, provided that no part of such termination charge shall be paid in the event funds are not appropriated by the Legislature of the State of Florida for the current and any future fiscal period to pay the charges under this agreement. It is noted that paragraph 11, as well as paragraph 2, refers to the telephone service contemplated as a "Centrex system." Paragraph 1 undertakes to bind the customer to pay a rate per unit of telephone service with the further understanding that the rate specified would generate at least $38,000 per month in revenue from local centrex service for the telephone company, describing what the position of the parties would be in the event the Legislature fails to appropriate funds therefor. This paragraph states the telephone service rate shall apply to each unit installed. It suffices here to note that the agreement contemplates that the telephone company shall provide a "Centrex system" with a rate to apply to each unit installed. Paragraph 11, in describing termination, is silent in providing a fee for termination of a unit. The provision for termination sets forth that which controls when the "Centrex system" is discontinued. If it had been the purpose of the parties to provide for a charge for a discontinuation of a piece or pieces of equipment, such should have been set forth. Heretofore, I gave advice concerning the expenditure of public funds in AGO 071-28: . . . To perform any function for the state or to expend any moneys belonging to the state, the officer seeking to perform such function or to incur such obligation against the moneys of the state must find and point to a constitutional or statutory provision so authorizing him to do. . . . By analogy, it is appropriate here to say that where authority exists for obligating the state by contract, one who contends the state by contract has incurred an obligation must be able to point to the contract provision which creates the duty to pay. In the contract herein specified there is no provision for a charge for terminating a piece or pieces of equipment, nor does the contract aptly refer to any other document which does so provide.