372 So.2d 1371 (1979)
Arthur Paul FRIZZELL, Appellant,
v.
Sandra C. Frizzell BARTLEY, Appellee.
No. 55112.
Supreme Court of Florida.
July 5, 1979.
Truman J. Costello, Fort Myers, for appellant.
W. Cort Frohlich of Wotitzky, Wotitzky, Johnson, Mandell & Batsel, Punta Gorda, for appellee.
OVERTON, Justice.
This case is before the Court on direct appeal from an order of the circuit court, Lee County, holding unconstitutional the authority to modify alimony and support prescribed in section 61.14, Florida Statutes (1977),[1] because it allows an impairment of *1372 the agreement made by the parties. We have jurisdiction.[2]
An agreement had been made between the parties to this action on September 11, 1962, which provided for the payment of certain sums to the wife for her support and the support of the children. The parties were divorced by order of the court dated October 11, 1962, but the agreement was not incorporated in the final divorce decree.
On May 18, 1978, the husband sought a modification of the September 11, 1962, agreement in the circuit court pursuant to section 61.14, Florida Statutes (1977). The wife moved to dismiss the petition for modification on the ground that section 61.14 allows judicial modification of the contractual obligations of private parties in violation of both the state and federal constitutions.[3] The trial court granted the motion, directly holding the subject statute to be in violation of the United States Constitution and the Florida Constitution.
The first question we must answer is whether section 61.14 allows a modification of an agreement which was not incorporated in the divorce decree. We hold that it does and approve the language in Cordrey v. Cordrey, 206 So.2d 234, 241 (Fla. 2d DCA), appeal dismissed, 214 So.2d 617 (Fla. 1968), cert. denied, 393 U.S. 527, 89 S.Ct. 866, 21 L.Ed.2d 752 (1969): "The modification statute does not require that the agreement entered into voluntarily by the parties be approved or even reviewed by any judicial tribunal prior to either party applying to the circuit court for modification thereof." In our view, the statute clearly does not require that the agreement be incorporated into the decree.
The second issue we must determine is whether such a modification violates the state and federal prohibition of the impairment of contractual obligations. We hold that there was no unconstitutional impairment of contract and the agreement may be modified.
The statute allowing modification of alimony agreements has been in existence since 1935. It is our view that when the instant agreement was concluded in 1962, any preexisting state legislation on the subject became a part of the contract as fully as if it had been expressly incorporated. Home Bldg. & Loan Co. v. Blaisdell, 290 U.S. 398, 429-30, 54 S.Ct. 231, 78 L.Ed. 413 (1934); Belcher v. Belcher, 271 So.2d 7, 9 (Fla. 1972); Schekter v. Michael, 184 So.2d 641, 641-42 (Fla. 1966); Ivey v. State ex rel. Watson, 147 Fla. 635, 3 So.2d 345, 348 (1941); McCaskill v. Union Naval Stores Co., 59 Fla. 571, 574-75, 52 So. 961, 962 (1910). It necessarily follows that modification of the agreement cannot impair its obligations because the possibility of modification pursuant to section 61.14 is deemed to have been contemplated by the parties. We hold that section 61.14 is constitutional and allows modification of the settlement agreement even though it was not made part of the final decree.
The order appealed from is reversed and the cause remanded for appropriate modification proceedings.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] Section 61.14(1), Florida Statutes (1977), provides:

When the parties have entered into, or hereafter enter into, an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed or the child or children who are beneficiaries of an agreement or court order as described herein have reached the age of 18 years since the execution of such agreement or the rendition of the order, either party may apply to the Circuit Court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for a judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child or children, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
[2] Art. V, § 3(b)(1), Fla. Const.
[3] U.S.Const. art. I, § 10; Art. I, § 10, Fla. Const.