SCHWARTZ, Chief Judge.
The appellant Galacticomm sued the ap-pellee for the breach of a “firm commitment” agreement under which the defendant was to have underwritten an initial public offering of Galacticomm securities. It now appeals from a judgment dismissing the complaint with prejudice. We reverse on a holding that the complaint adequately stated a cause of action and that First Equity’s assertion that it acted appropriately under the agreement does no more than present questions for the finders of fact. See Walk-In Medical Centers, Inc. v. Breuer Capital Corp., 818 F.2d 260 (2d Cir.1987); Blish v. Thompson Automatic Arms Corp., 30 Del.Ch. 538, 64 A.2d 581 (1948). Specifically, the issue of whether there was, within the meaning of the contract, a change in “market conditions” justifying the defendant’s refusal to perform may properly be determined in light of all the circumstances only after trial. See General Dev. Corp. v. Catlin, 139 So.2d 901 (Fla. 3d DCA 1962); Land O’Sun Realty, Ltd. v. REWJB Gas Investments, 685 So.2d 870, 872 n. 3 (Fla. 3d DCA 1996), review dismissed, 710 So.2d 978 (Fla.1998); Walkr-In Medical Centers, 818 F.2d at 260. See generally Chase Manhattan Bank v. First Marion Bank, 437 F.2d 1040 (5th Cir.1971); National Merchandise Co. v. United Serv. Auto. Ass’n, 400 So.2d 526 (Fla. 1st DCA 1981).
Reversed.