STATE, *ex rel.* SEVILLE HOLDING COMPANY, v. ESTHER DRAUGHON, as Clerk of the Circuit Court in and for Lee County, ALICE TONNELIER, *et vir.*

173 So. 353.
Opinion Filed March 24, 1937.

*Maguire & Voorhis,* for Relator;

*Waller & Meginniss* and *Sheppard & Clements,* for Respondents.

DAVIS, J—A tax certificate was issued and sold to the Seville Holding Company while Section 1002 C. G. L., 778 R. G. S., was in full force and effect as a law governing the rights, privileges, duties and burdens of the taker of such certificate. Subsequently, at its 1935 regular session, the Legislature enacted Chapter 17457, Acts 1935, repealing said Section 1002 C. G. L., but establishing in its place no effective substitute or equivalent provision of law for the protection of the rights of tax certificate holders entitled to rely on said Section 1002 C. G. L., *supra,* as affecting the legal value or enforceability of their certificates. This is a suit in mandamus in the Supreme Court to recover a judgment holding the repeal of Section 1002 C. G. L., 778 R. G. S., ineffective as applied to plaintiff in error; because of its alleged impairment, if so applied, ·of the obligation of contract inherent in plaintiff in error's tax certificate that had been issued and sold as aforesaid while Section 1002 C. G. L. was still in force.

Section 1002 C. G. L., 778 R. G. S., provided that the delinquent tax owner could redeem his property after publication of advertisement for tax deed, only upon paying to the Clerk of the Circuit Court the full amount due for all outstanding tax certificates, fees and costs of publication, *together with eight per cent. thereon.* The effect of Chapter 17457, Acts 1935, *supra,* the repealing statute, was therefore to materially lessen the legal value of plaintiff in error's tax certificate acquired prior to the repeal, by removing from the delinquent taxpayer part of the statutory coercion designed to make it to the tax delinquent's advantage to redeem before the tax certificate holder should begin advertising for a tax deed on the involved land.

A tax certificate is a contract between the state and the purchaser thereof who is granted by such certificate the benefit of the laws of the state in force at the time securing and defining his rights under it. At the time the particular tax certificate involved in this case was issued, such certificate constituted an enforceable statutory lien upon the delinquent taxpayer's property capable of being redeemed by him, upon certain specified conditions, and only on such specified conditions, as were at the time of the issuance of such tax certificate prescribed by the statutes, including Section 1002 C. G. L., which governs application for redemption postponed until after advertisement for tax deed is begun. See: Starkes v. Sawyer, 56 Fla. 596, 47 Sou. Rep. 513 (3rd syllabus) ; Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 Sou. Rep. 938 (5th syllabus).

While it is true, as contended for by defendant in error, that constitutional provisions against the impairing of the obligation of contracts do not apply to the withdrawal of a right to recover ordinary statutory penalties, even after the penalties have been incurred, yet a penalty imposed by

law *as sanction for the enforcement, or protection of a contract right,* may not be constitutionally withdrawn where to do so directly lessens or impairs the legal value of the contract itself to which the penalty is attached. Especially is this true with respect to tax certificates, where the withdrawal of a penalty or quasi-penalty, adjoined thereto as an incentive to promote prompt redemption of the certificated tax delinquencies have an immediate prejudicial effect on the enforcement of the statutory lien transferred by a tax certificate of the state conditioned upon penal sanctions designed to make the involved contract right inherent therein of value to the grantee as part of his enjoyment of it. Worthen v. Kavanaugh, 295 U. S. 56, 55 Sup. Ct. 555, 79 L. Ed. 1298, 97 A. L. R. 906. Compare: Violet Trapping Co. v. Grace, 297, U. S. 119, 56 Sup. Ct. 386, 80 L. Ed. 518; Ingraham v. Hanson, 197 U. S. 378, 56 Sup. Ct. 511, 80 L. Ed. 728.

The purpose of the eight per cent. flat exaction which is imposed upon the delinquent land owner by Section 1002 C. G. L., 778 R. G. S., only if his application for redemption is postponed until after publication for tax deed, is that the delinquent property owner may be spurred by every motive of self interest to redeem his tax delinquency before advertisement for tax deed, if he can, and do it without delay beyond the two year redemption period, in order that the tax certificate holder may not be forced to the increased burden and expense of putting up additional moneys to enable him to publish notice of application for tax deed.*

Such statutory imposition added materially to the legal value of the tax certificate as an investment at the time

*Section 1003 C. G. L., 779 R. G. S.

it was offered for sale by the state. And to take it away by legislation passed subsequent to the state's sale of it, must inevitably impair the substance of the certificate itself because it withdraws from the certificate holder one of the most valuable features of his investment, namely, the right, after advertising for a tax deed, to recoup an eight per cent. indemnity as consideration of the outlays of money a co-ordinate statute* requires him to put up as a condition precedent to getting himself in position to advertise for a tax deed on his certificate in the first place.

We hold that the repeal of Section 1002 C. G. L., 778 R. G. S., is ineffective as to the rights of relator which are to be determined according to the laws in force at the time its tax certificate was acquired, and that to hold otherwise would be to give effect to the repealing statute as an intended impairment of the obligation of relator's contract, and therefore render the repealing statute unconstitutional as applied to relator.

Respondent's briefs place great reliance upon what has been said by this Court in the case of Board of Commissioners of Everglades Draining Distr. v. Forbes Pioneer Boat Line, 80 Fla. 252, 86 Sou. Rep. 199, concerning legislative impairment of the obligation of contracts. However, the decision of the Florida Supreme Court in that case was reversed on appeal to the Supreme Court of the United States after that decision was rendered. See: Forbes Pioneer Boat Line v. Everglades Drainage Dist., 258 U. S. 338, 42 Sup. Ct. Rep. 325, 66 L. Ed. 647. So the law we must follow in the premises is not the prior decision of this Court in that case, but the subsequently rendered decision of the United States Supreme Court.

---

*Section 1003 C. G. L., 779 R. G. S.

· · Motion to quash alternative writ denied and peremptory writ awarded unless better return filed within ten days.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, and BUFORD, J. J., concur.