HENDRY, Judge.
This is an appeal from a final judgment of the Circuit Court of Dade County in favor of Metropolitan Dade County in an action by the appellant to quiet title.
On May 30, 1975, the County duly issued a tax sale certificate (Certificate No. 6055), on one of the properties at issue herein, i.e., the Everglades Heights property. On February 1,1977, appellant, Cape Sable Corporation, was assigned the certificate for value by the Tax Collector of Metropolitan Dade County. On August 21, 1979, pursuant to the statutory procedures and after *729 the tax sale, the appropriate tax deed was issued to appellant. The deed included the following provision:
THIS DEED IS SUBJECT TO ANY RIGHT, INTEREST, PUBLIC EASEMENTS, RESTRICTIONS, COVENANTS AND GOVERNMENTAL LIENS THAT MAY SURVIVE THE ISSUANCE OF THIS TAX DEED IN ACCORDANCE WITH APPLICABLE LAW.
Section 197.271, Florida Statutes provided in pertinent part at the time of the purchase of the tax certificate that:
Except as specifically provided in this chapter, no right, interest, restriction, or other covenant shall survive the issuance of a tax deed.
In 1979 this section was changed by adding the additional words:
except that a lien of record held by a municipal or county governmental unit, when such lien is not satisfied as of the disbursement of proceeds of sale under the provisions of s. 197.291, shall survive the issuance of a tax deed.
By law the change in the statute took effect and was to affect the assessments for 1980 and subsequent years. The liens in question were filed in 1977.
By summary judgment the trial court ruled that the tax deed was subject to the recorded liens claimed by the County. It is from this ruling that this appeal is taken.
The sole point on appeal is whether section 197.271, Florida Statutes, which was amended after a party purchased a tax certificate, affects retroactively the contractual rights of the purchaser under the statute existing at the time of the purchase of the tax certificate. It is appellant’s contention that it does not, and we agree.
The change in the law in 1979 that went into effect in 1980 does not affect appellant’s rights in the tax certificate. The appellant had acquired certain contractual rights when it purchased the certificate in 1977 and those rights could not be changed by the subsequent change in the law. As was said in State ex rel. Seville Holding Co. v. Draughon, 127 Fla. 528, 173 So. 353, 354 (1937),
[a] tax certificate is a contract between the state and the purchaser thereof who is granted by such certificate the benefit of the laws of the state in force at the time securing and defining his rights under it.
Accord Ivey v. State ex rel. Watson, 147 Fla. 635, 3 So.2d 345 (1941); Overstreet v. Gordon, 121 Fla. 180, 163 So. 477 (1935); State Adjustment Co. v. Winslow, 114 Fla. 609, 154 So. 325 (1934).
For the reasons stated, the judgment appealed is reversed and the cause is remanded with directions to enter summary judgment in favor of the appellant.
Reversed and remanded with directions.