**In re The ISLANDER CONDOMINIUM ASSOCIATION, INC., Debtor.**

**Bankruptcy No. 95–7780–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 6, 1996.

Daniel J. Herman, Largo, Florida, for Debtor.

B. Norris Rickey, Office of County Attorney, Charles M. Tatelbaum, Clearwater, Florida, for Jim Smith and Pinellas County.

Sarah Richardson, Office of County Attorney, Clearwater, Florida, for W. Fred Petty, Tax Collector.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 11 case and the matter under consideration is a Motion For Summary Judgment filed by W. Fred Petty and Jim Smith, the Tax Collector and the Property Appraiser of Pinellas County, respectively. The Motion for Summary Judgment is directed to a Motion and an Amended Motion for Determination of Real Property Ad Valorem Taxes filed by the Islander Condominium Association, Inc. ("Debtor"). The Debtor's Motions request this Court to determine the value of certain real property, and in turn, find the tax assessment and the taxes based on same are excessive.

More particularly, the Debtor asks this Court to determine the proper valuation of the property, the proper amount assessable, the proper amount of additions, and the correct amount owed by the Debtor on all outstanding tax certificates based on the reevaluation of the complex owned by the Debtor. In addition, the Debtor requests this Court direct the taxing authority to refund all excess taxes and additions paid by the Debtor in purchasing the tax certificates. The Amended Motion is different from the original Motion only in that it attaches a complete list of all tax certificate holders.

The Tax Collector challenged the Debtor's right to the relief it seeks in it's original and amended Motions by way of a Motion For Summary Judgment. In its Motion, which is supported by the Affidavits of the Tax Collector and the Property Appraiser, the Tax Collector contends that the Debtor fails to state a claim for which relief can be granted, or in the alternative, that this Court lacks jurisdiction over the subject matter of the Motions filed by the Debtor.

The following facts, all of which are part of the record, are without dispute:

The Debtor is the owner of real property and the improvements on same, known as The Islander Timeshare Condominium, located at 17006 Gulf Blvd., N. Reddington Beach, Florida. The property was assessed by the County for the years in dispute as follows:

1985—$73,549.85
1986—$49,472.24
1987—$31,805.95
1988—$64,793.07
1989—$34,267.64
1990—$20,516.39
1991—$22,316.45
1992—$20,596.00
1993—$10,054.06
1994—$13,241.72
1995—$11,600.00

Inasmuch as the ad valorem taxes were not paid when they became due in the year in question, the Tax Collector sold tax certificates and the Debtor now holds and controls, through Islander Condominium Trust (Trust), all the outstanding tax certificates for 1985 through 1988. The Debtor also purchased some additional tax certificates for later years. The Debtor concedes that the years of 1993, 1994, and 1995 are not involved because the assessments for those years were challenged by the Debtor and finally adjudicated by the Value Adjustment Board. In addition, it appears from the Affidavit of the Property Appraiser that the predecessor of the Debtor, B & K Development, also contested the assessments for the years 1987 and 1989. The challenge to those assessments was also adjudicated and, therefore, they are no longer subject to reconsideration.

The Motions filed by the Debtor are based on § 505 of the Bankruptcy Code which provides:

§ 505 DETERMINATION OF TAX LIABILITY

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judi-

cial or administrative tribunal of competent jurisdiction.

The County's challenge to the debtor's right to the relief sought is threefold: first, that the Debtor failed to join indispensable parties. In support of this proposition, the County points out that certain of the tax certificates have been purchased by third parties, each of whom is an indispensable party who, in fact, paid the taxes which were due to the County. Therefore, unless the certificate holders are joined in, this Court cannot grant complete relief in the present posture of the proceeding. Moreover, the County contends that disposition of this proceeding without the presence of those parties may expose the County to substantial risk of incurring multiple liability, or otherwise inconsistent obligations by reason of the different interest claims of the certificate holders.

Second, the County contends that the Motion filed by the Debtor fails to state a claim for which relief can be granted. Third, the County contends that due to the Debtor's failure to join indispensable parties and the lack of this Court's jurisdiction over the subject matter, the Debtor is not entitled to the relief it seeks.

■ Before considering the merits of these alternatives, it should be noted that technically none of the grounds urged by the County are recognized bases for summary disposition of a contested matter. Ordinarily, the points raised are asserted in a motion to dismiss filed pursuant to F.R.Civ.P. 12(b) as adopted by F.R.B.P. 7012(b). However, in order to avoid the additional delay involved in denying the Motion and granting leave to file a motion to dismiss, this Court is satisfied that it is proper to proceed and consider the alternatives relied on by the County and urged in support of its Motion. There is good authority for this approach. As stated in Moore's Manual of Federal Practice And Procedure § 17.06 at p. 17–14: "The Motion may be predicated on the proposition that as a matter of law the claimant's prima facia case lacks validity", citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Turning to the several contentions advanced by the County in support of its Motion and considering them in reverse order, this Court is satisfied it that the argument concerning this Court's subject matter jurisdiction is without merit. The County places great reliance on the undisputed fact that the taxes due for the years in question have been paid in full, and thus this Debtor no longer owes any tax and, therefore, the authority to determine the amount or the legality of any tax is non-existent. While it is true that § 505(a)(1) does not specify that the tax sought to be determined under this Section is the tax liability of the Debtor, it is evident that this Court would not have jurisdiction under the Section to determine the tax liability of an entity who is not a Debtor. It is undisputed that in the present instance the tax certificates for the years 1985 through 1988 were purchased and are held by the Debtor. The power of the Bankruptcy Court to modify the interest rate applicable to parties who purchase tax certificates was considered and upheld in the case of *In re General Development Corporation*, 147 B.R. 610 (Bankr.S.D.Fla.1992). In the case of *In re Piper Aircraft Corporation*, 171 B.R. 415 (Bankr.S.D.Fla.1994), the Court expressly held that the Debtor could seek relief from tax assessments notwithstanding the sale of the underlying tax obligation by the county to a third party in the form of tax certificates. This is exactly what is involved here with regard to the tax certificates sold by the County to parties other than the Debtor. Thus based on *Piper supra*, it is also proper to consider the assessments relating to those certificates; provided, however, that they are made a party to these proceedings. Moreover, the redetermination of the assessments for the years for which the certificates are held will ultimately inure to the benefit of the Debtor if the Debtor is successful. The argument that the Debtor does not owe any taxes to the County because the County has been paid in full for the taxes assessed for the years in question is equally a non sequitur because the Section expressly provides that the Court has the power to determine the amount or the legality of the tax whether paid or not.

This leads to the next contention of the County which is based on the proposition that the Debtor's Motion lacks prima facie validity because it fails to join indispensable parties, i.e. non-debtor certificate holders. First, the proposition is clearly inapplicable to the Debtor who is a holder of substantial number of tax certificates. As to those years, the non-debtor certificate holders are not indispensable parties, although they might very well be as to the certificates they have purchased for other years. Lastly, this Court is equally satisfied that the Motion does state a claim for which relief can be granted for reasons stated earlier.

In view of the foregoing, this Court is satisfied that the County's Motion for Summary Judgment is not well-taken as to the tax assessment for the years covered by the tax certificates held by the Debtor. However, the Motion is well-taken as to the years covered by the certificates held by others, and the Motion, for the latter purpose, is treated as a Motion to Dismiss which should be granted unless the Debtor joins those certificate holders.

ACCORDINGLY, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment be, and the same is hereby, denied as it relates to Debtor as holders of tax certificates. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment is treated as a Motion to Deny Without Prejudice the Debtor's Amended Motion for Determination of Real Property Ad Valorem Taxes and is granted unless the Debtor, within fifteen days from the date of this Order, joins and makes the third party certificate holders parties to this contested matter. Failure to do so shall result in denial of the Amended Motion for Determination of Real Property Ad Valorem Taxes with prejudice as it relates to those third parties. It is further

ORDERED, ADJUDGED AND DE-CREED that the original Amended Motion, or the Amended Motion as amended pursuant to this Order if the Debtor so elects, shall be set down for Additional Pretrial Conference on April 2, 1996 at 9:00 am.

DONE AND ORDERED.