**In re Grete DROUMTSEKAS, Debtor.**

**No. 99–18075–8G7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 4, 2000.

Richard T. Leavengood, Petersburg, FL, attorney for debtor.

Shari S. Jansen, Sarasota, FL, trustee.

Curran Porto, Tampa, FL, attorney for trustee.

## ORDER ON (1) TRUSTEE'S OBJECTION TO THE DEBTOR'S CLAIM OF EXEMPTIONS, (2) TRUSTEE'S MOTION FOR SUMMARY JUDGMENT, AND (3) DEBTOR'S MOTION FOR SUMMARY JUDGMENT

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court for a hearing to consider (1) the Objection to the Debtor's Claim of Exemptions filed by the Chapter 7 Trustee, Shari Streit Jansen; (2) a Motion for Summary Judgment related to the Objection to Exemptions filed by the Trustee; and (3) a Motion for Summary Judgment related to the Objection filed by the Debtor, Grete Droumtsekas.

### Background

The Debtor, Grete Droumtsekas, filed a petition under chapter 7 of the Bankruptcy Code on November 9, 1999. On her "Schedule C—Property Claimed as Exempt," the Debtor listed the following property:

6 vacant lots, Charlotte County, 165, 167, 169, 171 and 173 Rotonda Blvd., and 170 Marker Rd. figures represent my ½ interest in lots.

The Debtor described her legal basis for the exemption as follows:

Debtor's interest as a tenant by the entireties is exempt from process under applicable nonbankruptcy law.

The parties stipulated that the lots described in Schedule C are not homestead property, and that the lots are owned by the Debtor and her non-filing spouse as tenants by the entireties. (Debtor's Memorandum of Law, p. 1).

The parties further stipulated that no joint unsecured creditors of the Debtor and her non-filing husband are in existence. (Debtor's Memorandum of Law, p. 1).

Finally, the parties stipulated that:

There is only one (1) over-secured joint property tax creditor on each of the six (6) lots, the six (6) creditors each possessing a tax certificate.

(Debtor's Memorandum of Law, p. 2).

The Chapter 7 Trustee filed an Objection to the Debtor's Claim of Exemption.

### Discussion

A debtor may exempt from property of the estate certain property listed in § 522(d) of the Bankruptcy Code, unless the state law applicable to the debtor specifically does not so authorize. 11 U.S.C. § 522(b). Florida law provides that residents of Florida shall not be entitled to the exemptions provided in § 522(d). Fla. Stat. § 222.20. Residents of Florida may exempt property authorized by Florida law, and may also exempt the property described in § 522(b)(2)(B) of the Bankruptcy Code:

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant *to the extent that such interest as a tenant by the entirety or joint tenant*

*is exempt from process under applicable nonbankruptcy law.*

(Emphasis supplied).

## I. The property is not exempt from process under applicable nonbankruptcy law.

 In Florida, the general rule regarding entireties property was set forth in *In re Pepenella,* 103 B.R. 299, 301 (M.D.Fla.1988).

> It is clear that under Florida law property held by tenants by the entireties is exempt from process of the single creditor of one of the tenants. *In re Penrod,* 30 B.R. 326 (Bankr.S.D.Fla.1983). However, a joint creditor of both tenants may attach the entireties property.

"In Florida, property held in tenancy by the entirety is exempt from process to satisfy the individual obligations of either spouse, but may be reached only by a joint creditor of both spouses." *In re Anderson,* 132 B.R. 657, 659 (Bankr. M.D.Fla.1991). "Only joint creditors, i.e., those creditors with claims against both tenants, may reach the entireties property." *In re Planas,* 199 B.R. 211, 214 (Bankr.S.D.Fla.1996) (quoting *In re Koehler,* 19 B.R. 308 (Bankr.M.D.Fla.1982)).

> As can be seen, the linchpin of the whole inquiry is the existence of a joint creditor of the debtor and non-debtor who has the ability to have process issued in its favor. 11 U.S.C. § 522(b)(2)(B). Assuming the inapplicability of pre-judgment garnishment or attachment, the joint creditor, who must be in existence at the time of the filing of the petition, must have the capacity to have process issue under state law; i.e., writ of execution, levy, or post-judgment attachment or garnishment. If there is such a judgment creditor, there is a sufficient basis upon which this Court should sustain the objection to the claimed exemption of the jointly held property.

*In re Anderson,* 132 B.R. at 659–60. Where a trustee or creditor has objected to a debtor's claim of exemptions, therefore, "the Court must first determine whether there exists a joint creditor of both the debtor and non-debtor spouse who has the ability to have processed issued in its favor." *In re Planas,* 199 B.R. at 215. See also *In re Monzon,* 214 B.R. 38, 42–43 (Bankr.S.D.Fla.1997) ("... a joint creditor need not hold an actual judgment as a prerequisite to administration by a trustee.")

In this case, the parties stipulated that "[t]here is only one (1) over-secured *joint* property tax creditor on each of the six (6) lots, the six (6) creditors each possessing a tax certificate." (Debtor's Memorandum of Law, p. 2) (Emphasis supplied). Accordingly, the Debtor acknowledges that the debt represented by each tax certificate is a joint debt of both the Debtor and her spouse.

The Supreme Court of Florida has explained the statutory scheme concerning tax certificates as follows:

> The current collection scheme is codified in chapter 197, Florida Statutes (1991). Pursuant to section 197.432, delinquent real property taxes are collected by the sale of tax certificates. At such sale, a "tax certificate" is issued to the person who pays the face amount of the certificate, which includes the delinquent taxes, interest, costs, and charges, and bids the lowest interest rate not in excess of eighteen percent a year. §§ 197.172, .432(5).... [A] tax certificate issued under section 197.432 is subject to redemption and therefore is merely a lien on the property. §§ 197.102(3), .432(2), .472. At any time after two years have elapsed since April 1 of the year of issuance, if the tax

certificate has not been redeemed, the holder of the certificate, other than the county, may file an application for a tax deed. § 197.502(1). After proper notice is given, the property is sold at public auction. §§ 197.502, .512, .522, .542. If there are no bids higher than the statutory minimum bid, the property is sold to the certificate holder. If there are other bids, the certificate holder may bid and the property will be sold to the highest bidder. § 197.542.

*Walker v. Palm Beach Commerce Center Associated, Ltd.*, 614 So.2d 1097, 1099 (Fla. 1993). Section 197.102(3) of the Florida Statutes clearly defines a tax certificate as a first lien on the real property. *Securities and Exchange Commission v. Elliott*, 620 So.2d 159, 160 (Fla.1993).

Section 197.432(2) provides that a lien created through the sale of a tax certificate "may not be enforced in any manner except as prescribed in this chapter."

In this case, therefore, the holder of each tax certificate holds a lien on property co-owned by the Debtor and her spouse. If a certificate is not redeemed within the period permitted in the statute, the certificate holder is entitled to enforce the lien in accordance with chapter 179 of the Florida Statutes. Such enforcement includes applying for a tax deed and causing the property to be sold at public auction. Under these circumstances, the Court finds that the holder of each tax certificate is a joint creditor of the Debtor and her spouse who has the capacity to have process issue under state law.

The Debtor contends that the Trustee should not be permitted to administer the property, regardless of the existence of joint creditors entitled to have process issue, because each certificate holder is fully

secured. To support this position, the Debtor relies primarily on *In re Monzon*, 214 B.R. 38 (Bankr.S.D.Fla.1997). In *Monzon*, the Court determined that a trustee should not administer entireties property if the only joint debt is the secured debt against the property. *In re Monzon*, 214 B.R. at 42. The Court reasoned that such administration would produce no benefit to the estate, since the property is excluded from the exemption only to the extent of the amount of the joint debt. Consequently, only the joint secured creditor would receive any distribution as a result of the administration. *Id.* at 41–42.

The Court agrees with the determination in *Monzon* that the administration of entireties property by a trustee may generate no benefit to the estate where the only joint creditor is fully secured. The issue, however, is whether any interest in the property may be claimed as exempt pursuant to § 522(b)(2)(B) of the Bankruptcy Code. That section provides only that an interest as a tenant by the entirety is exempt to the extent that such interest is exempt from process under applicable nonbankruptcy law. Accordingly, the Debtor's interest in the property that is not exempt from process by the holder of a tax certificate is not exempt pursuant to § 522(b)(2)(B). The statute does not provide an exception for those instances in which the estate will receive no benefit. Even though administration of the property may produce no practical advantage to unsecured creditors, and the trustee may consider abandoning the property pursuant to § 544 [1], a straightforward reading of the statute compels the conclusion that the Debtor loses the exemption to the extent

---

**1.** "There is no more reason for a Trustee to administer TBE property solely to satisfy a joint secured debt than there is for a Trustee to administer any non-exempt property for the sole benefit of a secured creditor." *In re Monzon*, 214 B.R. at 41–42.

that the Debtor's interest in the property is not exempt from process.

## II. The proceeds of entireties property should be distributed only to joint creditors of a debtor and the non-debtor spouse.

■ Having concluded that the Trustee may administer the real property subject to the liens created by the tax certificates, the next issue is whether the proceeds should be distributed only to the joint creditors holding the certificates, or whether the proceeds should also be distributed to individual creditors of the Debtor. It is acknowledged that courts have reached differing conclusions on this issue.

This Court finds, however, that only debts owed to joint creditors should be satisfied from the proceeds of entireties property. The Court further finds that only debts owed to joint creditors that may have process issued against the specific entireties property at issue may be satisfied from the proceeds of such property.

In so finding, the Court is persuaded in part by the reasoning set forth by the District Court for the Southern District of Florida in *In re Planas*, 1998 WL 757988 (S.D.Fla.). The District Court in that case explained two primary reasons for holding that the proceeds of entireties property should be distributed only to joint creditors. First, the Court reasoned that property rights are created and defined by state law, and should not be altered by the distribution scheme in the Bankruptcy Code.

[I]f the existence of a joint creditor enables individual creditors to gain access to the proceeds of liquidated entireties property new substantive rights would be created for such creditors under state law. It is clear that under Florida law only joint creditors can attack entireties property. The effect of the bankruptcy court's decision [that the proceeds of the entireties property must be distributed to all of the Debtor's creditors, whether joint or individual] is to expand those state created rights....

*In re Planas*, 1998 WL 757988, at *3 (citing *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)).

Second, the District Court in *Planas* looked to the development of the rule regarding entireties property under state law.

Second, the purpose underlying the Florida entireties exemption is to protect entireties property held by husband and wife from attack by creditors of one spouse individually.... The rationale behind the entireties exemption would be sacrificed if the individual creditors of a debtor spouse could reach the entireties property of the debtor and his/her non-debtor spouse.... *The appropriate way to view the entireties property ... is through the non-debtor's (sic) spouse's ability to protect the family's entireties property, notwithstanding the large debt incurred by her debtor spouse ....* This security should not evaporate simply because one spouse incurred large amounts of individual debt and then filed for bankruptcy protection.

*In re Planas*, 1998 WL 757988, at *4 (Emphasis supplied).

The Bankruptcy Court had undertaken a similar analysis in *In re Monzon*, 214 B.R. 38 (Bankr.S.D.Fla.1997). In that case, the Court found that "since the Debtor's individual creditors could have never reached the TBE Property under state law, they cannot obtain a different and more favorable result in bankruptcy by sharing in the distribution of these assets." *In re Monzon*, 214 B.R. at 46. The Court first noted that § 522(b)(2)(B) does not

expressly require a trustee to distribute proceeds from entireties property to individual creditors, and that, "absent such a requirement, courts are powerless to effect an improvement in creditor's rights." *Id.* at 46. The Court determined that state law property rights should not be expanded solely because a party is involved in a bankruptcy case, unless an overriding federal interest is present.

> Granting an individual creditor the opportunity to reap the assets of entireties property in bankruptcy diminishes the non-debtor spouse's interest in such property since the debtor spouse would not have been able to subject the entireties property to the reach of individual creditors under Florida law. Further, a pro rata distribution would conflict with state substantive law that permits only joint creditors to share in the distribution of entireties property.

*Id.* at 47. The Court determined that nothing in the Bankruptcy Code precludes that application of Florida property law, and that § 522(b)(2)(B) in fact mandates strict adherence to state law. *Id.*

Additionally, as in *Planas,* the Court in *Monzon* discussed the policy associated with entireties property.

> Finally, the plain language of § 522(b)(2)(B) directs courts to follow state substantive law with respect to entireties property. In Florida, the law with respect to entireties property undoubtedly protects the rights of joint creditors. Thus, a pro rata distribution of entireties property to all creditors would be inconsistent with § 522(b)(2)(B) since that provision was intended to incorporate Florida's protection of these parties. It would make no sense for Congress to enact § 522(b)(2)(B) which entitles joint creditors to reach entireties property in bankruptcy, yet substantially dilute that

interest once that property is in the estate by requiring joint creditors to share the entireties property with individual creditors.

*Id.* at 48. See also *In re Pepenella,* 103 B.R. 299, 302 (M.D.Fla.1988) (The District Court for the Middle District of Florida found that "the most appropriate rule, and seemingly the majority rule, to be that the equity in the property may be used to satisfy the joint creditors, but the remainder of the equity is exempt as to the sole creditors of one of the tenants.")

In the cases considering the distribution of proceeds of entireties property to satisfy the claims of joint creditors, there have been joint creditors who could obtain process against all such property owned by the debtor and his spouse. In this case, however, there are no joint creditors who could obtain process against all of the property in which the Debtor has an interest as a tenant by the entirety. Each certificate holder may obtain process against only the parcel of property with respect to which his certificate has been issued. Since the Debtor may exempt her interest as tenant by the entirety "to the extent that such interest ... is exempt from process under applicable nonbankruptcy law," the proceeds of the sale of the Debtor's interest in any of the six lots should be distributed only to the holder of the tax certificate which relates to such lot, and not to any other certificate holders or individual creditors of the Debtor. The balance of the proceeds that relate to the Debtor's interest are exempt and should be returned to the Debtor.

### Conclusion

This case involves six vacant lots owned by the Debtor and her nondebtor spouse as tenants by the entireties. The Debtor has claimed her interest in the lots as exempt. The Debtor acknowledges the existence of a "joint property tax creditor"

on each of the six lots. The Chapter 7 Trustee objected to the Debtor's claim of exemption with respect to the six lots.

The Code provides that the Debtor's interest in each of these lots is exempt to the extent that such interest is exempt from process under applicable nonbankruptcy law. Since the holder of each tax certificate is entitled to enforce the tax lien pursuant to chapter 197 of the Florida Statutes, the Debtor's interest in each of the lots is not exempt from process by the holder of the tax certificate relating to such lot, and therefore such interest is not exempt within the meaning of § 522(b)(2)(B) of the Bankruptcy Code. Consequently, the Trustee should be permitted to administer the interest that is not exempt, or consider abandoning such interest.

The Court further finds, however, that if the property is administered, the proceeds of each parcel of property should be distributed only to the holder of the certificate that relates to such parcel, and that the other certificate holders and the individual creditors of the Debtor are not entitled to share in the proceeds.

Accordingly:

**IT IS ORDERED** that:

1. The Objection to the Debtor's Claim of Exemptions filed by the Chapter 7 Trustee, Shari Streit Jansen, is sustained to the extent set forth in this Order.

2. The Debtor's interest in each of the six vacant lots described as entireties property on the Debtor's Schedule C is not exempt under § 522(b)(2)(B) of the Bankruptcy Code to the extent of the joint debt owed to the holder of the property tax certificate relating to such lot.

3. If the Debtor's interest in the property is liquidated, the Chapter 7 Trustee shall distribute the proceeds of the liquidation of a parcel to the holder of the tax certificate that relates to that parcel in satisfaction of the claim of that certificate holder, and any balance of the proceeds is exempt and shall be returned to the Debtor.

4. The Motion for Summary Judgment filed by the Trustee, Shari Streit Jansen, is denied in part and granted in part as set forth in this Order.

5. The Motion for Summary Judgment filed by the Debtor, Grete Droumtsekas, is denied in part and granted in part as set forth in this Order.