**In re Sergio A. LAGO and Stella M. Lago, Debtors.**

**In re Fernando C. Gonzalez and Digna Rodriguez, Debtors.**

**In re Freddie R. Mathis, Debtor.**

**In re Ollie Brown, Debtor.**

**Nos. 02–16593–BKC–RAM, 02–19360–BKC–RAM, 01–17395–BKC–AJC, 02–18370–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Oct. 15, 2003.

---

Jordan E. Bublick, Esq., North Miami, FL, for debtors, Melinda S. Thornton, Esq., Assistant County Attorney, Miami, FL, for Miami–Dade County Tax Collector.

Nancy Herkert, Hialeah, FL, Chapter 13 Trustee.

## JOINT MEMORANDUM OPINION ON TREATMENT OF TAX CERTIFICATE CREDITORS IN CHAPTER 13 PLANS

A. JAY CRISTOL, Bankruptcy Judge.

The undersigned judges conducted a joint hearing on March 4, 2003 upon the Court's *Order Setting Hearing on Tax Certificate Issues* entered February 11, 2003. The joint hearing was held to consider certain common issues presented in contested matters in the four above-styled cases. The issues have been framed in the Debtors' objections to tax certificate holder claims and in motions filed by the Debtors in response to papers filed by the Miami–Dade County Tax Collector ("Tax Collector") related to Chapter 13 plan payments where tax certificates have been sold. Specifically, the Court jointly considered the following issues (collectively referred to as the "Tax Certificate Issues"):

1. Whether a tax certificate holder is a "creditor" in the Chapter 13 case with standing to file a claim;
2. Whether a tax certificate holder is the "real party in interest" with respect to amounts owed under the tax certificate;
3. Whether the tax certificate holder is the party to whom the Chapter 13 plan payments on the tax certificate should be made; or, whether the Tax Collector is the "creditor", "claimant", or "real party in interest" obligated to receive and accept Chapter 13 plan payments.

Having considered the parties' submissions, including the submissions by certain tax certificate holders, the Court finds that the tax certificate holders are creditors with standing to file a claim and are the real parties in interest entitled to directly receive payments under Chapter 13 plans. The Court also finds that the Tax Collector is not obligated to collect Chapter 13 plan payments on behalf of the tax certificate holders. However, the Tax Collector will be responsible for accounting for all payments made directly to the tax certificate holders under a Chapter 13 plan to accurately reflect the balance due on any tax certificate.

## FACTUAL BACKGROUND OF CASES

All of the Debtors are represented by the same attorney, Jordan Bublick, Esquire, and the papers filed by the parties in each case are similar. The specific factual and procedural background for each case follows.

### A. SERGIO A. LAGO AND STELLA M. LAGO Case No. 02–16593–BKC–RAM

Debtors owe delinquent 2001 and 2002 ad valorem taxes. MLHM–Venice ("MLHM") purchased the tax certificate for the 2001 taxes. The 2002 ad valorem taxes are currently owed to the Tax Collector. In their proposed Chapter 13 plan, the Debtors provide for payment of the 2001 taxes to the Tax Collector. The Tax Collector objected to this procedure and filed a Notice to Debtor of Additional Creditors, listing MLHM as the party to whom the 2001 taxes are owed (CP 12). MLHM filed its claim for 2001 taxes on September 20, 2002.

Consistent with their position that the Tax Collector is the real party in interest, the Debtors filed a response to the Tax Collector's objection to the Chapter 13

plan (CP 16), an objection to MLHM's claim (CP 21) and a Motion to Strike the Tax Collector's Notice to Debtors of Additional Creditors and to Direct Plan Payments to the Tax Collector (CP 16).

The Tax Collector filed a response to the Debtors' papers (CP 28) and also filed a motion requesting an *en banc* hearing on the issues raised in these contested matters (CP 34). That motion was granted in part by the Court's February 11, 2003 Order Setting Hearing on Tax Certificate Issues which declined to set an *en banc* hearing but did schedule the March 4th joint hearing (CP 38).

### B.  FERNANDO GONZALEZ AND DIGNA RODRIGUEZ Case No. 02–19360–BKC–RAM

Debtors Fourth Amended Chapter 13 plan lists the Tax Collector as a secured creditor with respect to two real property folios for an unspecified tax year. The Tax Collector filed a Notice to Debtor of Additional Creditors on October 24, 2002, asserting the tax certificate lien holders, not the Tax Collector, are owed the amounts due on both folios. (The 2001 tax certificate lien for Folio No. 30–2201–025–0490 is held by Shadow Creek, LLC–Wachovia Bank, and the 2001 tax certificate lien for Folio No. 30–2016–002–1980 is held by MLHM.) The Plan makes no reference to the tax certificates, the tax certificate holders, the tax years in question, or to the previously filed claim of MLHM with respect to its tax certificate.

By the filing of objections to Debtors' proposed Chapter 13 Plans, the Tax Collector notified both the Chapter 13 Trustee and the Debtors' attorney of the many discrepancies in Debtors' plan, including the fact that the Tax Collector was not the creditor to whom payments should be made on account of the 2001 tax certificate liens (CPs 16, 57, 67, 71 and 76).

The Debtors filed an objection to the claim of MLHM alleging, *inter alia*, that the Tax Collector is the real party in interest (CP 27). The Tax Collector filed responses in opposition to the Debtors' objection (CPs 40 and 49) and filed a motion requesting a specially set hearing on the issues raised in these contested matters (CP 61). That motion was granted by orders dated February 7 and February 11, 2003 (CPs 62 and 64).

### C.  FREDDIE MATHIS Case No. 01–17395–BKC–AJC

The facts in this case are different because the issues were not framed until after confirmation of the Debtor's plan. On the filing date of his Chapter 13 petition, the Debtor was delinquent on his year 2000 property taxes. The Debtor's Third Amended Plan, confirmed on December 13, 2001, provided for payments directly to the Tax Collector for the year 2000 taxes.

Several weeks after confirmation, the Tax Collector filed a Notice of Additional Creditor, asserting that the plan should provide for payments to Heartwood 87, LLC, the owner of the tax certificate. The Tax Collector also returned to the Trustee the checks that were sent to the Tax Collector pursuant to Debtor's confirmed plan.

The Debtor then filed a Motion to Compel the Tax Collector to Abide by the Confirmed Chapter 13 Plan, to Strike the Tax Collector's Notice of Additional Creditor and to Direct Plan Payment to the Tax Collector (CP 41). The Tax Collector filed a response arguing that the certificate holder is the party who should be listed in and paid under the Debtor's Chapter 13 plan (CP 44 and 47).

### D. OLLIE BROWN Case No. 02–18370–BKC–AJC

The Tax Collector is owed pre-petition ad valorem taxes for tax years 1999–2001 with respect to Folio No. 30–3115–005–4140 (Claim # 5). In addition, the Debtor owes 1999–2001 ad valorem taxes to tax certificate holders with respect to Folios Nos. 30–2115–004–1920, 30–3115–005–4130 and 30–3115 043–0870. Two certificate holders, BankAtlantic and Howard Shidlowsky, asserted claims for the 1999–2001 taxes due with respect to Folios Nos. 30–2115–004–1920 and 30–3115 043–0870.[1] The Debtor also owes 2002 taxes.

The Tax Collector objected to the Debtor's proposed Chapter 13 plan (CP 14) and the Debtor filed a Motion to Strike Miami–Dade County Tax Collector's Notice to Debtor of Additional Creditors and to Direct Plan Payment to Miami–Dade County Tax Collector (CP 15). The Tax Collector filed objections to the motion to strike (CPs 20 and 32) and both parties filed memoranda of law in support of their respective positions (CPs 35, 37 and 41).

### ISSUES

There are several parties in interest affected by the outcome of these contested matters: (1) each debtor who owes back taxes and seeks to pay them in a Chapter 13 plan; (2) the Tax Collector who sells the tax certificates, using the sale proceeds to pay the taxes, creating a lien in favor of the certificate buyer; and (3) the tax certificate holder who buys the tax certificates and seeks to enforce its right to be paid or to force a tax sale of the Debtor's property.

In a Chapter 13 case, the Trustee collects monthly payments under a confirmed plan and distributes the payments to creditors holding allowed claims. Typically, the Tax Collector is designated as the tax creditor in Chapter 13 plans, simply because the Tax Collector is generally listed as a creditor when back taxes are owed. If no certificate has been sold, the Tax Collector is undisputedly the secured creditor, Fla. Stat. § 197.122. Although Florida law does not provide for the acceptance of partial payments in redemption of tax certificates, the Tax Collector currently has a system by which it accepts payments on delinquent taxes in accordance with a confirmed Chapter 13 plan.

If a tax certificate has been sold, the Tax Collector returns any plan distributions to the Chapter 13 Trustee and generally notifies the debtor of the existence of the certificate holder. That notification was provided by the Tax Collector's Notice to Debtor of Additional Creditors filed in each of these cases. The Tax Collector posits it is no longer the real party in interest because the sale of the certificate satisfies the tax obligation to the county, substituting the certificate holder as the holder of the secured claim, and thus the real party in interest.

The Debtors concede that the tax certificate holders are interested parties, but contend the Tax Collector is the creditor and real party in interest to whom all tax redemption payments should be made under a Chapter 13 plan even after the certificates are sold primarily because certificate holders do not receive redemption payments directly from homeowners under

---

1. On November 8, 2002, the Debtor objected to Mr. Shidlowsky's claim. Mr. Shidlowsky filed a response on December 9, 2002. By order dated January 10, 2003, the Court sustained Debtor's objection and disallowed Mr. Shidlowsky's claim. On January 17, 2003, the Tax Collector filed a motion to reconsider the Court's order, but on February 4, 2003, the Tax Collector withdrew that motion. Accordingly, Mr. Shidlowsky's claim is disallowed.

applicable Florida law. The Debtors raise two other arguments for directing all payments to the Tax Collector. First, Debtors assert it is impractical for them to identify each tax certificate holder and the amount due on each tax certificate. Second, the Debtors point to significant practical problems associated with paying certificate holders directly, most importantly, the risk that tax certificate holders are overpaid because the Tax Collector does not adjust its tax records to reflect payments made under a Chapter 13 plan. This becomes a problem if the case is dismissed after a certificate holder has been partially paid and the Tax Collector's records still reflect that the full amount of the certificate is due.

The Tax Collector argues that the tax certificate holder is the real party in interest because payments under a plan do not constitute redemption payments under Fla. Stat. § 197.472 which the Tax Collector is required to collect. In fact, says the Tax Collector, rather than being obligated to receive partial payments on certificates, state law does not permit the acceptance of partial payments on behalf of a certificate holder.

### DISCUSSION

#### A. Summary of Ruling

The Court has considered the positions of all interested parties and, for the reasons which follow, determines that the tax certificate holder is a creditor and the real party in interest in Chapter 13 cases in which the Debtor is curing tax arrearages on property for years in which tax certificates have been sold. The Court recognizes that the procedures which are currently in place, where tax certificate holders receive interim payments under Chapter 13 plans, are flawed if the payments are not reflected in the Tax Collector's records. However, the existence of this problem does not change the Courts' analysis of the legal issues. Rather, the practical problems can be cured, or substantially mitigated, by ordering the Tax Collector to adjust the county records to reflect payments made by the Chapter 13 Trustee to certificate holders under confirmed Chapter 13 plans.

#### B. Tax Certificate Holders are Creditors

The Debtors assert the tax certificate holders are not "creditors" under the Bankruptcy Code because they do not have claims against the Debtors. Relying on Fla. Stat. § 197.472, the Debtors argue the tax certificate holders are creditors of the Tax Collector who is authorized, and obligated, to collect the taxes and then remit payments to the owner of the tax certificate. The Debtors contend the certificate holders only have a debtor-creditor relationship with the Tax Collector, not the Debtors. The Court disagrees.

First, Chapter 13 plan payments on tax certificates are not redemption payments under Fla. Stat. § 197.472. A tax certificate is redeemed by the payment to the Tax Collector of the full amount required to cancel and invalidate a tax certificate. Fla. Admin. Code 12D–13.051.(1). Florida law does not provide for the acceptance by the Tax Collector of partial payments in redemption of a tax certificate. Florida Department of Revenue (the "DOR" or "Department"), Tax Opinion 01–001. Therefore, although periodic partial payments pursuant to a Chapter 13 plan may ultimately cause the tax certificate to be cancelled, such payments are not considered to be "redemption" payments pursuant to Fla. Stat. § 197.472.

In addition, even though the certificate holders do not have claims against the Debtors individually, the certificate

holders are holders of secured claims with enforceable rights against the Debtors. Section 197.102(3), Florida Statutes, defines a tax certificate as a document "representing unpaid delinquent real property taxes...." When a tax certificate holder buys a tax certificate, he purchases a secured claim and acquires a lien. Fla. Stat. § 197.432(2) (sale of tax certificate results in creation of new lien). *See, State ex rel. Seville Holding Co. v. Draughon,* 127 Fla. 528, 173 So. 353 (Fla.1937) (tax certificate is a contract between the purchaser and the state); *Gibson v. Central Farmers' Trust Co.,* 116 Fla. 295, 156 So. 714 (1934) (certificate holder is vested with ownership and the right of foreclosure). *See also, In re Walsh,* 264 B.R. 482 (Bankr.N.D.Ohio 2001) (purchaser of tax certificate has a secured claim as he takes over the rights and lien position previously held by the country treasurer). That lien is enforceable against a debtor in a bankruptcy case. *In re Palensky,* 228 B.R. 709 (Bankr. D.Neb.1998) (certificate holder is a creditor who can enforce its lien through bankruptcy proceedings).

The Debtors' argument that the certificate holders are not creditors because they have no *in personam* claims against the Debtors ignores the Supreme Court's holding in *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). The *Johnson* Court held that a debtor could include a mortgage lien in a Chapter 13 plan even after the debtor's personal liability on the debt has been discharged. In *Johnson,* a debtor discharged a personal obligation secured by mortgaged property in a Chapter 7 proceeding and then included the mortgage lien in a subsequent Chapter 13 plan. The

mortgagee, seeking to expeditiously foreclose on the property, argued that the Code does not allow a debtor to include in a Chapter 13 plan a mortgage lien used to secure an obligation for which personal liability has been discharged in a Chapter 7 case. The Supreme Court disagreed.

The Supreme Court analyzed the issue of whether the surviving mortgage interest was a "claim" by using a strict statutory construction, referencing the text, history and purpose of the Bankruptcy Code. 501 U.S. at 83, 111 S.Ct. 2150. Referring to the definition of a "claim" as used in the Code, the Court noted that Congress intended to adopt the broadest available definition.[2] 501 U.S. at 83, 111 S.Ct. 2150. Applying a broad definition, the Court held that,

> Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. 501 U.S. at 84[, 111 S.Ct. 2150]. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an "enforceable obligation" of the debtor.

501 U.S. at 84, 111 S.Ct. 2150.

Several courts have held that certificate holders are creditors in their own right. *See e.g. In re Droumtsekas,* 269 B.R. 463 (Bankr.M.D.Fla.2000) (tax certificate holder is joint creditor of the debtor and her spouse). So too, this Court has previously

---

**2.** "[C]laim means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unma-

tured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right of payment.... 11 U.S.C. § 101(5).

recognized that tax certificate holders are creditors within the meaning of the Bankruptcy Code. *In re General Development Corp.*, 135 B.R. 1008 (Bankr.S.D.Fla.1991). Thus, consistent with the Supreme Court's holding in *Johnson*, this Court finds the tax certificate holders have claims against the Debtors and are therefore creditors in these Chapter 13 cases.

### C. The Tax Certificate Holders are the Real Parties in Interest

■ Although the Tax Collector is designated by statute as the record-keeper with respect to tax certificate ownership, and as agent for the full redemption of tax certificates, the Tax Collector has no pecuniary interest in the ultimate disposition of the tax certificates. Upon the sale of the tax certificates, the taxes are paid and the funds disbursed to the various governing bodies. At that point, only the tax certificate holder retains a pecuniary interest and only the certificate holder possesses the right to enforce a lien against the debtor's property. *Gibson*, 156 So. at 714; *Palensky*, 228 B.R. at 709. The Tax Collector has no authority to make decisions on behalf of a certificate holder, particularly on issues such as the interest rate to be paid on certificate amounts through a Chapter 13 plan. *See Milne v. Johnson*, 185 B.R. 280, 281 (N.D.Ill.1995) (once the tax certificate was sold, the lien held by the local government was extinguished). A Chapter 13 plan, which restructures the tax obligation, clearly affects a certificate holder who is therefore the appropriate party to file claims and to object or otherwise participate in the confirmation process. The certificate holder is therefore the "real party in interest" and an indispensable party to actions involving tax claims for which certificates are held. *In re Piper Aircraft Corp.*, 171 B.R. 415 (Bankr.S.D.Fla.1994). *See also In re The Islander Condominium Assn., Inc.*, 195 B.R. 946 (Bankr.M.D.Fla.1996).

### D. Chapter 13 Plan Payments Should Be Made Directly to Tax Certificate Holders

■ Even if the certificate holders are the real parties in interest, the Debtors argue that the plan payments should still be made to the Tax Collector who would then account for the payments and reduce the redemption amounts to prevent overpayment. The Court rejects this procedure, finding that there are other solutions to the accounting problem. Since the Tax Collector has no pecuniary interest in a tax certificate once it is sold, the Court will not burden the Tax Collector with the administrative duty of accepting Chapter 13 plan payments and remitting them to the respective certificate holders. Although the Tax Collector is obligated to expend public resources on the collection of money due the county and related governing entities, it should not be held responsible for the collection of all payments due certificate holders in Chapter 13 cases. Instead of requiring the Tax Collector to accept payments, the Court will address the concerns regarding the Tax Collector's accounting of all payments made to tax certificate holders by the alternative procedure described herein.

As recognized by the DOR in its Tax Opinion 01–001, there is no authority in Florida law for the Tax Collector's acceptance of partial payment in redemption of a tax certificate. However, according to the DOR, a Tax Collector is able to reduce the face value of the tax certificate by the amount of partial payments made to the certificate holder *if ordered to do so by the court*. DOR Tax Opinion 01–001 (emphasis added). The Department states that "[i]f ordered to do so by the court, the Tax Collector can request that the DOR

correct the certificates, and the Department would do so." Tax Opinion 01–001 citing Technical Opinion 91–0055. Thus, to effectively eliminate the obstacles associated with the periodic partial payments in Chapter 13 cases on tax certificates to certificate holders, the Court finds it necessary to order the Tax Collector to adjust the face value of tax certificates which are treated in Chapter 13 plans.

Toward that end, the Tax Collector and the Chapter 13 Trustee have both suggested proposed language to be included in confirmation orders which they believe will resolve the procedural problems. The Court has considered the proposed provisions and drafted language for inclusion in confirmation orders which should adequately address the accounting problem. These provisions seek to ensure that the Tax Collector receives the information regarding payments and case status necessary to accurately amend and modify the face value of the tax certificates. By separate Administrative Order, the Court will require that the following provisions be included in orders confirming Chapter 13 plans where debtors own real property in Miami–Dade Country, Florida:

1. The confirmed plan in this case provides for payment to holder(s) of tax certificates on property of the Debtor(s). To ensure that the records of the Miami–Dade County Tax Collector credit amounts received by certificate holders, the Tax Collector is ordered to adjust the County tax records and reduce the amount owed on tax certificates to reflect payments made by the Chapter 13 Trustee to certificate holders under the confirmed plan.

2. The Tax Collector shall be served with any order entered post-confirmation which (a) dismisses or converts this case; (b) grants stay relief to the holder of a secured claim on the property subject of the tax certificates; (c) modifies the plan to eliminate further payments to one or more certificate holders; or (d) discharges the Debtor(s) upon completion of the plan. Upon receipt of any such order, the Chapter 13 Trustee shall furnish the Tax Collector with a ledger reflecting the amounts paid to certificate holders under the confirmed plan.

3. During the period in which certificate holders are receiving payments under the confirmed plan, the Tax Collector is enjoined from accepting a redemption payment for any certificate which is included in the plan. This injunction will dissolve without further Order of the Court if (a) one of the orders described in paragraph 2 is entered; and (b) the County has complied with the requirements in paragraph 1 and reduced the amount owed on any certificate paid or partially paid under the plan by the amount paid to the certificate holder as reflected in the Chapter 13 Trustee's ledger.

With these obligations imposed by confirmation orders, the Debtors will receive credit for all payments made directly to the tax certificate holders during a Chapter 13 case, and tax certificate holders will not be erroneously overpaid. These provisions are necessary for the fair and efficient administration of Chapter 13 cases and are adopted for use in these four (4) Chapter 13 cases, and in future Chapter 13 cases filed in Miami–Dade County, including those cases designated as "North Dade" cases pending before Bankruptcy Judges Ray and Hyman in Broward County. If there is additional or alternative

language that may be useful or needed to achieve the goals set forth in this order, the Court encourages the parties to file a motion requesting a further hearing.

The Court will enter separate orders in each of these four (4) cases resolving all contested matters in accordance with this opinion.