DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUCI ZUBRICKY**,
Appellant,

v.

**MICHAEL ZUBRICKY**,
Appellee.

No. 4D18-2196

[May 15, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Dan L. Vaughn, Judge; L.T. Case No. 472014DR000275.

Stacy N. Beaulieu-Fawcett and Denise C. Desmond of Beaulieu-Fawcett Law Group, P.A., Delray Beach, for appellant.

No appearance for appellee.

KUNTZ, J.

The Former Wife appeals the circuit court's final judgment of dissolution of marriage. We address two issues raised on appeal. First, we affirm the circuit court's order denying the Former Wife's request for alimony. Second, we reverse the court's order requiring the Former Wife to reimburse the Former Husband half the cost of a vehicle. We affirm the remaining issues without discussion.

### *Background*

One day before petitioning for dissolution of marriage, the Former Husband and Former Wife signed a marital settlement agreement. The agreement provided, among other things, that the Former Husband would: pay the Former Wife $1,600 a month, pay $550 a month for her car, and give her $125,000 out of his Thrift Savings Plan (TSP). He was to retain the remainder of the TSP. This marital settlement agreement was later specifically incorporated into the final judgment of dissolution.

Two months after filing the petition for dissolution, the Former Husband and Former Wife took $40,425 out of their bank account to purchase the Former Wife a car. The Former Husband testified it was joint money, and the Former Wife originally testified the money was from her share of the TSP. But the Former Wife later testified at two points that the Former Husband gave her the $40,425 rather than pay the $550 monthly car payment.

Weeks later, the Former Husband gave the Former Wife $134,330.48 from the TSP distribution. This amount is not equal to the amount stated in the pre-suit marital settlement agreement, $125,000. The Former Wife testified that the Former Husband gave her additional money from the TSP because he thought she deserved more.

In December 2015, the court entered an order on the Former Wife's motion for temporary relief. The court incorporated the temporary relief order into the final judgment. This order included the date of the marriage and income information for the Former Wife and Former Husband. It also made a finding that the Former Wife had been living off of money from a live-in paramour. The court found the Former Wife was entitled to $760 a month from the Former Husband's pension, retroactive to January 1, 2015. The retroactive payment amount was set at $158, bringing the total monthly payment from the Former Husband to the Former Wife to $918.

Shortly before trial, the Former Husband and Former Wife signed a partial marital settlement agreement. That document states that the Former Husband "cashed out" the TSP and the "parties divided the marital contents of said plan." That partial agreement also noted the areas of disagreement left for the court to decide. Those areas generally included alimony, reimbursement of the funds used for the car, and cross-claims for attorney's fees.

The court held a non-jury trial on the areas of disagreement. Both the Former Wife and Former Husband testified. At trial, the Former Wife sought enforcement of the pre-suit marital settlement agreement, and the Former Husband argued he could no longer comply with the terms of that agreement.

After an extended delay, the court issued its final judgment. The court adopted the findings of fact and conclusions of law from the temporary relief order. But the court was imprecise with language and numbers. For example, the court found the Former Husband was paying $850 ($700 plus $150) a month to the Former Wife from his pension—when the number was $918. The court also suggested the parties "equally"

distributed the TSP, but the distribution was in an agreed amount, not an equal amount.  The court then stated both parties were asking it to save them from their own mistakes.

Finally, the court declined to award the Former Wife alimony.  It found the Former Wife had no need for alimony and that the Former Husband had no ability to pay it.  The court also found the Former Wife cohabited with the live-in paramour, making her ineligible for alimony under section 61.14, Florida Statutes (2014).

### *Analysis*

We address two arguments raised on appeal.  First, the Former Wife argues the court erred when it declined to award her alimony.  Second, the Former Wife argues the court erred when it required her to reimburse the Former Husband for half of a car purchased for her use.  We affirm on the first point and reverse on the second.

### *i.  The Court Did Not Err in Failing to Award Alimony*

The Former Wife argues the court erred in applying section 61.14, arguing it does not apply unless a party is seeking to modify a judgment.  But before addressing section 61.14, the court specifically found the Former Wife did not have the need for alimony and that the Former Husband could not pay it.

This conclusion was based, in part, on the fact that the only income of the Former Wife and Former Husband is social security and the Former Husband's pension.[1]  The court also found that the parties distributed a large sum of money from the TSP in accordance with the pre-suit marital settlement agreement and that "the parties should have been financially secure going forward with their lives" as a result of the distribution.

The pension is being distributed in accordance with the earlier temporary relief order, an order specifically incorporated into the final judgment.  In the temporary relief order, the court found that the marital portion of the Former Husband's pension was 71%.  The court split the marital portion of the Former Husband's pension evenly, awarding both parties 30.5%.  As a result, even after entry of the final judgment, the marital portion of the pension is being distributed evenly.  That also means

---

[1] The court found that because the Former Husband was a federal employee not required to pay social security taxes, the Former Husband's social security payment is a non-marital asset.  The Former Wife was also receiving monthly payments from social security.

3

that all the Former Husband's marital income is being distributed evenly. Based on these findings, we cannot conclude the court abused its discretion when it declined to award alimony.

Even if the court had not found that the Former Wife is not entitled to alimony, we question her argument that the court erred in applying section 61.14. The Former Wife argues section 61.14 applies only to amend a judgment. As a result, she argues, section 61.14 could not be applied to amend the marital settlement agreement that had not yet been incorporated into a final judgment. But, years ago, the Florida Supreme Court rejected a similar argument. *See Frizzell v. Bartley*, 372 So. 2d 1371, 1372 (Fla. 1979) (Section 61.14 "allows modification of the settlement agreement even though it was not made part of the final decree.").

The court found that the Former Wife lacked a need for alimony and that the Former Husband could not pay alimony. Next, the court found the Former Wife was precluded from receiving alimony because of her "cohabitation with her paramour for over one year and the money she received from him." We cannot conclude the court abused its discretion in reaching these conclusions.

### ii. The Court Erred When It Required the Former Wife to Repay the Former Husband for the Purchase of a Vehicle

Next, the Former Wife argues the court erred when it required her to repay the Former Husband one-half the cost of a vehicle purchased with funds from a joint bank account. We agree and reverse.

The pre-suit marital settlement agreement incorporated into the final judgment required the Former Husband to pay $550 a month for the Former Wife's vehicle. She testified that rather than make a monthly payment, they purchased her a car with joint money. Consistent with that testimony, the Former Husband testified that he stopped making the monthly car payment when they purchased the vehicle for the Former Wife.

The court found that the vehicle was purchased with joint funds. As a result, the court required the Former Wife to reimburse the Former Husband for half the price paid for the vehicle. We do not find the fact that marital assets were used to purchase the vehicle to be dispositive. The marital settlement agreement required the Former Husband to make a monthly payment for the Former Wife's vehicle. Instead, the parties purchased a vehicle. It is inconsistent with the marital settlement agreement, and the testimony of the parties, to require the Former Wife to

repay funds to the Former Husband relating to the vehicle. As a result, we reverse that portion of the final judgment.

### *Conclusion*

We affirm the court's order declining to award alimony to the Former Wife. We specifically note our understanding that the Former Husband remains obligated to evenly distribute the portion of his pension the court found to be a marital asset. We reverse the portion of the court's judgment requiring the Former Wife to repay the Former Husband for one-half the cost of a vehicle. Finally, we affirm the remainder of the issues raised on appeal without further comment.

*Affirmed in part and reversed in part.*

GERBER, C.J., and TAYLOR, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

5